In re Arthur David PODY, Debtor.

Arthur David PODY, Plaintiff,

v.

Carol W. PODY, Defendant.

Bankruptcy No. 82–05561.
Adv. No. 82–1305.

United States Bankruptcy Court,
N.D. Alabama.

Sept. 17, 1984.

Harvey B. Campbell, Jr., Talladega, Ala., for plaintiff-debtor.

Jack A. Wallace, Talladega, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction*

The above-styled adversary proceeding was commenced by the debtor to request that sanctions be ordered against the defendant for violation of the automatic stay of 11 U.S.C. § 362 and to determine the dischargeability of a debt owed by the debtor to the debtor's former spouse. The attorneys for the parties have filed a stipulation of facts and submitted the matter to the Court for a ruling.

*Findings of Fact*

1. The debtor, Arthur David Pody, and the defendant, Carol W. Pody, were divorced on February 11, 1980, after some seven years of marriage.

2. No children were born of the marriage.

3. Both parties were employed during the term of the marriage.

4. The final judgment of divorce entered by the State Court ordered the parties herein to comply with a stipulation of the parties which provided for the division of their property and debts.

5. By agreement of the parties in the aforementioned stipulation, the defendant, Carol W. Pody, was to receive all the real estate of the parties and a 1975 Datsun automobile. The agreement further provided that the debtor, Arthur David Pody, was to make the payments on the above property, to make the payments on a loan secured by a savings account of the defendant's family members, and "to pay all of the accounts, debts, and other obligations of the parties, or either of them, incurred prior to the separation of the parties on August 3, 1979."

6. The debtor did not make the payments in accordance with the stipulation entered into by the parties and approved by the State Court.

7. The defendant filed a petition with the State Court to find the debtor in contempt and judgment was entered against the debtor on October 15, 1981.

8. The debt in question herein arises from the money judgment of $9,586.21 plus costs entered in State Court against the debtor and in favor of the defendant for failure of the debtor to honor the final judgment of divorce entered by the State Court.

9. On August 18, 1982, the defendant caused a writ of garnishment to be served on the debtor's employer to collect the State Court judgment.

10. On September 23, 1982, the debtor filed his petition in bankruptcy.

11. On January 11, 1983, the debtor received his discharge in bankruptcy.

12. The defendant has refused to release the garnishment against the debtor's wages and the garnishment is still running.

*Conclusions of Law*

The Court is presented with two issues in the case at bar: First, whether the divorce decree made an award of alimony, maintenance or support, the debt for which would be nondischargeable in bankruptcy; and, second, if the debt owed by the debtor is found to be dischargeable in bankruptcy, whether the creditor should be subjected to sanctions for garnisheeing the debtor's wages in violation of the automatic stay.

*Dischargeability of the Debt*

■ Under 11 U.S.C. § 523(a)(5) debts for alimony, maintenance or support, are excepted from the debtor's discharge in bankruptcy. This clear congressional policy must be balanced against the overriding congressional policy contained in the Bankruptcy Code of providing a debtor with the possibility of a fresh start. *In re Harrell,* 23 B.R. 423, 425 (Bkrtcy.N.D.Ga.1982). Thus *support* obligations are nondischargeable, whereas divisions of property, including allocations of debt, *not in the nature of support* are dischargeable under 11 U.S.C. § 523(a)(5)(B).

■ The question of whether a debt is alimony or support is a federal, not a state law, question. *In re Cartner,* 9 B.R. 543, 546 (Bkrtcy.M.D.Ala.1981); *H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977),* U.S.Code Cong. & Admin.News, 1978, p. 5787. This Court must attempt to ascertain the parties' and the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy.

■ In *In re Cartner, supra,* the Court examined several factors in determining whether the debts owed to a former spouse were dischargeable in the case, including:

1. Whether children were born of the marriage;
2. The parties' levels of income;
3. Whether there was a division of property and a division of the debts relating to that property;
4. Whether the former spouse had shown a need for additional support;
5. Whether the former spouse was shown to have suffered in the job market, or was otherwise disadvantaged, because of any dependent position held in relation to the debtor during the marriage; and
6. The age and health of the former spouse.

■ When these factors are applied to the proceeding at bar, it appears that the obligation created by the divorce decree should be discharged in bankruptcy. There were no children born of the marriage. Clear evidence was lacking as to the parties' level of income and earning potential at the time of divorce, but both parties were employed during the term of the marriage.

There was a division of property and a division of debts under the separation agreement entered into by the parties, and no mention was made of support or alimony. In fact, paragraph 8 of the agreement provided that except for the division of property and allocation of debts, "neither of the parties shall have any other claim against the other for division of property, alimony, support or otherwise ...." The debtor's former spouse did not show a need for support due to advanced age, poor health, or other factors, or any disadvantage suffered in the job market, or otherwise, as a result of her relation to the debtor during the marriage.

Therefore, the Court concludes that the debt owed to the debtor's former spouse is not in the nature of support and that the debt is dischargeable in bankruptcy.

*Sanctions for Violation of Automatic Stay*

■ The filing of a petition in bankruptcy operates as a stay, applicable to all entities, of collection efforts and harassment of the debtor by his creditors. 11 U.S.C. § 362(a). The bankruptcy court may punish a violation of the automatic stay of 11 U.S.C. § 362 by fining a party for contempt and awarding costs, damages, and fees to the debtor. *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *Matter of Carter,* 16 B.R. 481 (W.D.Mo.1981); *Matter of Bray,* 17 B.R. 152 (Bkrtcy.N.D.Ga.1982).

■ As noted in *Matter of Batla,* 12 B.R. 397, 400 (Bkrtcy.N.D.Ga.1981), if there is uncertainty about an order of the Court, or, as in this case, the applicability of the automatic stay and the dischargeability of a particular debt, a creditor may petition the Court for clarification, and if the creditor does not, the creditor takes the

**574**

calculated risk of being held in contempt. 12 B.R. at 400 [citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192, 193, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1948)]. In the case at bar, the creditor, the debtor's former spouse, made her own determination as to the applicability of the automatic stay and the dischargeability of a particular debt, leaving the burden of commencing this proceeding on the debtor.

The Court concludes that the creditor violated the automatic stay of 11 U.S.C. § 362(a) by not releasing the garnishment on the debtor's wages. Violation of the stay constitutes a civil contempt of court for which the bankruptcy court may impose a fine. *Borg-Warner Acceptance Corp. v. Hall, Supra* at 1309; *In re Lohnes*, 26 B.R. 593, 596 (Bkrtcy D.Conn.1983). Civil contempt is a sanction to compensate a party for losses or damages sustained by reason of the contemner's noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948); *Matter of Batla, Supra* at 400–01. The Court may also require the contemner to compensate the debtor for the costs and attorney's fees. *Borg-Warner Acceptance Corp. v. Hall, Supra; Matter of Batla, Supra.*

### Further Finding of Fact

The Court further finds that reasonable compensation for the services rendered by the debtor's attorney, in obtaining relief to the debtor from the defendant's refusal to release the writ of garnishment after filing of the debtor's bankruptcy petition, would be the sum of $350.00, for which the debtor is due to be reimbursed by the defendant, that the debtor is entitled to receive an award against the defendant of $150.00, as compensation for loss of use of wages garnisheed, embarrassment and anguish suffered by the debtor as a result of the defendant's obstinance in maintaining the writ of garnishment after the bankruptcy petition was filed, and the resultant impairment of the fresh start to which the debtor was entitled.

### Orders by the Court

The Court has previously entered an order dissolving the writ of garnishment issued to the debtor's employer and directing the debtor's employer to release to the debtor wages withheld pursuant to the writ. The Court will now enter an order of judgment for the debtor to recover the sum of $500.00 from the defendant and direct that the defendant shall pay said judgment not later than November 20, 1984.