NANCY J. SCHELL, PLAINTIFF, v. FREDERICK J. SCHELL, DEFENDANT.

Superior Court of New Jersey
Chancery Division Gloucester County

Argued January 21, 1986—Decided February 10, 1986.

*V. Richard Ferreri,* for plaintiff (*Moss, Thatcher, Moss, McNeill & Ferreri,* attorneys).

*Joseph R. Giannini,* for defendant.

HOLSTON, J.S.C.

This is a cause of action for divorce on the grounds of an 18 month separation without reasonable prospect of reconciliation.

Factually, the parties entered into a ceremonial marriage on May 18, 1968. The parties separated from each other on January 10, 1982. An Amended Complaint for Divorce was filed by the plaintiff Nancy J. Schell on March 1, 1983. The defendant Frederick J. Schell filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 3, 1984.

N.J.S.A. 2A:34–23 speaks in its pertinent part:

[I]n all actions where a judgment of divorce ... is entered, the court may make such award or awards to the parties in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.

*Painter v. Painter*, 65 *N.J.* 196 (1974), established that the date a complaint is filed will fix the termination date of a marriage for purposes of equitable distribution.

11 U.S.C.A. § 362 provides that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial action or proceeding against the debtor which was commenced before the commencement of the bankruptcy case. The issue of equitable distribution therefore is before this Court as a result of relief from the automatic stay pursuant to 11 U.S.C.A. § 362(e) by Order entered and filed by the U.S. Bankruptcy Court on July 18, 1985. That Order declines jurisdiction by the U.S. Bankruptcy Court of all issues concerning the equitable distribution of property arising between the debtor Frederick J. Schell and Nancy J. Schell, declines jurisdiction at that time over any matrimonial issues arising between the debtor Frederick J. Schell and Nancy J. Schell and further orders that those issues be determined by this court in this proceeding.

This case requires a determination of the inter-relationship between the applicable provisions of the Bankruptcy Code as it effects the discharge of the debtor, Frederick J. Schell, under 11 U.S.C.A. § 727 and this court's responsibility to effect an equitable distribution in this action pursuant to *N.J.S.A.* 2A:34–23 of property acquired by the parties or either of them from the date of the marriage to the date of the filing of the Amended Complaint. This court must therefore first determine what property is eligible for equitable distribution.

Among the assets acquired by the parties during the marriage was the marital residence located on Jackson Avenue, Clayton, New Jersey, having a tax map description with the Borough of Clayton of Block 2002, Lot 15. Title of record to this premises became vested in Frederick J. Schell and Nancy J. Schell, his wife, by deed dated June 20, 1972 and recorded in the Office of the Clerk of Gloucester County on June 21, 1972 in Deed Book 1222, page 1180.

On December 4, 1984, Notice of Proposed Private Sale by Trustee to Frederick J. Schell was directed to all creditors or other parties in interest in the bankruptcy case of Frederick J. Schell. The trustee sought to sell Frederick J. Schell's one-half undivided interest in the real estate at 812 Jackson Avenue, Franklinville (Clayton), New Jersey. The sale was subject to the undivided one-half interest of Nancy J. Schell, the debtor's wife, who holds the property as tenants by the entirety and subject to the first mortgage of Hudson City Savings & Loan and subject to any other mortgages or encumbrances of record and subject to any outstanding real estate taxes.

The sales price that was offered by Frederick J. Schell to the trustee was $7974, being composed of $1500 in cash and the remaining part of the purchase price being the debtor's statutory exemption of $6474 under 11 U.S.C.A. § 522(d)(1). The notice of the proposed private sale indicated that the real estate had been appraised by Charleen Clark of Joseph Rauh Realtors on January 12, 1984 as having a fair market value of $40,500 and that the first mortgage encumbrance of Hudson City Savings & Loan Association was $14,300.

The notice from the trustee to creditors and other interested parties indicated that the trustee would accept any higher or better offer for his interest in the property which would net the estate more than $1500 cash. The notice further stated that if no objection was filed with the Clerk and served upon the trustee on or before December 19, 1984, the sale would be consummated as proposed on December 24, 1984. Apparently no greater offer was made for the interest of Frederick J. Schell in the property, as a trustee's deed was delivered to Frederick J. Schell on June 28, 1985 by Joseph M. Weinberg, Trustee in Bankruptcy, for the sum of $7,974.

To determine what portion of the real estate constituting the marital premises is subject to equitable distribution, it is necessary to determine what interest in the real estate vested in the trustee under 11 U.S.C.A. § 541 upon Frederick J. Schell

filing his bankruptcy petition on July 3, 1984. This is because it is that interest which the trustee sold by private sale to Frederick J. Schell by deed dated June 28, 1985.

11 U.S.C.A. § 541 reads as follows:

§ 541 *Property of the estate.*

(a) The commencement of a case under section 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

  (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C.A. § 522 provides in applicable part as follows:

§ 522 *Exemptions.*

... (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1)

. . .

... (d) The following property may be exempted under subsection (b)(1) of this section:

  ... (1) the debtor's aggregate interest, not to exceed $7,500 in value, in real property ... that the debtor or a dependent of a debtor uses as a residence....

The New Jersey Supreme Court in *King v. Greene*, 30 *N.J.* 395 (1959), held that a purchaser at execution sale under a judgment entered against a widow while she was tenant by the entirety with her husband during his lifetime acquired the wife's life estate in the property and her right of survivorship.

In *Newman v. Chase*, 70 *N.J.* 254 (1976), a plaintiff who purchased all of the bankrupt husband's interest in the home owned by the husband and his wife as tenants by the entirety, brought an action against the husband and wife seeking partition of the estate for the joint lives of the husband and wife. The Supreme Court held that by purchasing the husband's interest in the home from the trustee in bankruptcy, the plaintiff obtained the husband's interest as tenants in common for the joint lives of the husband and wife and the interest the husband would have come into had he survived the wife. The court further held, however, that although a debtor's interest in property held as tenants by the entirety may be reached by his

or her creditors, the remedy of partition is not automatically available to a purchaser at execution sale or to a grantee of a trustee in bankruptcy even if such purchaser or grantee has become a tenant in common with a non-debtor spouse. In such a case, a court may exercise its equitable discretion in determining whether to allow the remedy of partition.

*Newman, Ibid.,* cites with approval *Dvorken v. Barrett,* 100 *N.J.Super* 306 (App.Div.1968). *Dvorken, Ibid.,* held that the wife's right of survivorship in connection with property owned by husband and wife by entireties could not be taken away from her without her consent. It further held that a trustee in bankruptcy of the husband could sell the husband's one-half interest in the life estate for the husband and wife's joint lives as well as the husband's right of survivorship but that the trustee may not have partition of the fee by sale or otherwise.

In *Lee v. Lee,* 180 *N.J.Super.* 90 (1981), a wife purchased from a trustee in bankruptcy her husband's interest in a home owned by the parties as tenants by the entirety. The Chancery Division held that she succeeded to all of her husband's interest in the real estate, his life estate and his right of survivorship. The home was therefore not subject to equitable distribution in the divorce proceeding. The court held that for property to be subject to equitable distribution in a divorce proceeding, it must be acquired prior to the divorce complaint being filed. The court reasoned that had the purchaser from the trustee been a person other than Mrs. Lee, the non-debtor spouse, then that person would have been treated as a tenant in common with Mrs. Lee and would have acquired the right of survivorship of the debtor/spouse as well, thus, divesting the debtor/spouse from any right, title or interest in and to the marital residence. Since the debtor/spouse would not be entitled to have the marital residence equitably distributed in such a situation, the court found no logical difference such that a different result should inure because the non-debtor/spouse acquired plaintiff's interest from the trustee.

The defendant Frederick J. Schell purchased his own life estate and survivorship interest from the trustee in bankruptcy subsequent to the date Nancy J. Schell, the plaintiff herein, filed an Amended Complaint for Divorce. Under the rationale of *Lee, supra,* such property is clearly not subject to equitable distribution.

This result is required in this case for another reason as well. Pursuant to 11 U.S.C.A. § 522(d)(1), the debtor/defendant Frederick J. Schell used $6,474 of his statutory exemption as and for the purchase price of the interest sold to him by the trustee. Under federal bankruptcy law, the exemption statutes are to be construed liberally in favor of the debtor. *In re Lawson,* 42 *B.R.* 206 (1984). The major objective in any bankruptcy proceeding is to afford debtors the opportunity to make a new life for themselves. Such a fresh start should be a genuine new beginning for any debtor and should permit him to continue his chosen profession or trade and be free from the burdens of pre-petition debts. *Middleton v. Farmers State Bank of Fosston,* 45 *B.R.* 744 (1985).

Frederick J. Schell was discharged by Order Discharging Debtor dated November 27, 1984. Thus, this court concludes by virtue of the above authorities, that the value of the defendant Frederick J. Schell's life estate for the joint lives of the parties and his right of survivorship should he survive his wife, is property exempt from equitable distribution by this court.

Therefore, this court must decide what the value of the life estate and right of survivorship purchased by the defendant Frederick J. Schell is, in order to determine what portion of the real estate owned by the parties and constituting the marital home is exempt from equitable distribution.

In determining the value of the survivorship interest of the defendant, the court notes that the plaintiff's date of birth was October 23, 1949 and the defendant's date of birth was November 8, 1943. Thus, the defendant is nearly six years older than the plaintiff. The Table of Life Expectancy appearing in the

*1986 New Jersey Lawyers Diary and Manual* at 1090 indicates that a male between the ages of 42 and 43 has a life expectancy of 29.74 years. The same table indicates that a female between the ages of 36 and 37 has a life expectancy of 41.34 years. Thus, actuarially the likelihood is that the plaintiff will survive the defendant. There was no evidence presented during the trial indicating either party has any health problems of any type and that question was specifically addressed to the parties by the court.

■ Since *Dvorken, supra,* prohibits partition of the fee by sale or otherwise when a life estate and survivorship interest is purchased from a trustee in bankruptcy, the value of the interest purchased from the trustee must also be examined in view of that reality.

Since the consideration paid to the trustee by the debtor/defendant was in the total amount of $7,974, including $6,474 of the statutory exemption due the debtor under 11 U.S.C.A. § 522(d)(1) and the payment of $1500 cash, this court determines that the value of the interest purchased from the trustee is in the amount paid to him at the private sale in bankruptcy, that being $7,974.

The marital residence at time of trial was sold by the parties to a third party for value. The net proceeds of sale has been placed in an interest-bearing account pending the Order of this court effecting its distribution. The net equity in the marital home received by the parties at settlement was in the total amount of $26,679.86. Thus, this court concludes that $18,-705.86 of the total net proceeds of sale of the marital premises is subject to equitable distribution.

By Order For Support Pendente Lite and Other Relief entered September 23, 1982, this court restrained each of the parties from disposing of any assets acquired by the parties or either of them during the marriage until further order of the court.

The Preliminary Disclosure Statements filed by each of the parties indicates that among the assets owned by the parties at the time of the filing of the Amended Complaint For Divorce and at the time of the September 23, 1982 Order referred to above, was a 1983 Mercury Capri titled in the wife's name, a 1982 Pontiac TransAm titled in the husband's name, a 1978 Ford Van titled in the husband's name, a 1977 Chevrolet Blazer titled in the husband's name and a 1977 Starcraft camper titled in the husband's name.

Testimony from the defendant at trial, which was not disputed by the plaintiff was that the 1978 Ford Van and the 1977 Chevrolet Blazer were sold by the defendant to third parties in March 1983. The 1977 Starcraft camper was transferred by the defendant in May 1983. All three of these transfers were made for consideration paid to the defendant in violation of the September 23, 1982 restraints.

The 1981 Mercury Capri was destroyed in a motor vehicle accident in August 1983 by an individual driving the vehicle with the plaintiff Nancy J. Schell's permission. Insurance coverage on the vehicle paid the balance due on the note to the secured party and the net equity in the amount of $1000 was paid to the defendant, who then transferred those funds to the plaintiff.

11 U.S.C.A. § 541 creates an estate effective on the commencement of a case under the Bankruptcy Code. Such an estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held.

The trustee in bankruptcy appointed pursuant to 11 U.S.C.A. § 701 is required, pursuant to 11 U.S.C.A. § 704, to collect and reduce to money the property of the estate, for which the trustee serves and distribute the property of the estate to creditors, pursuant to 11 U.S.C.A. § 726. Creditors are therefore entitled to distribution pro rata based on the priority established by the Bankruptcy Code.

The trustee in bankruptcy's power to distribute property of the estate, however, is limited by 11 U.S.C.A. § 522, which provides to an individual debtor exemptions from property of the estate for the purpose of securing for the debtor a "fresh start" contemplated by the Bankruptcy Code. *See Middleton v. Farmers State Bank of Fosston, supra; In re Lawson, supra.*

In the case at bar, none of the above-referenced vehicles and camper was listed in the Voluntary Petition filed by the debtor/defendant Frederick J. Schell on July 3, 1984, either under Schedule B–2 as Personal Property or under Schedule B–4 as Property Claimed Not As Exempt. It was also not listed in the Statement of Financial Affairs For Debtor Not Engaged in Business attached to and made a part of that Voluntary Petition.

■■ Undisputed separate property of a former wife of a debtor is not property of a debtor's estate. *In re Hendrick,* 45 *B.R.* 965 (1985). Generally, property asserted to be the debtor's separate property and to which no exemption is claimed is deemed property of the estate and is not exempt. *In re Hendrick, Ibid.* The uncontradicted testimony in this case is that all of the above property with the exception of the proceeds payable to the wife after the accident destroying the 1981 Mercury Capri, was sold at least one year prior to the filing of the Voluntary Petition in Bankruptcy. The proceeds from the sale of those assets was disposed of by the debtor/defendant Frederick J. Schell. Thus in order for the above vehicles and camper to be property of the estate under 11 U.S.C.A. § 541 and subject to distribution by the trustee to creditors pro rata, it must be determined whether or not the trustee would have had the right to avoid the transfer of that property to third parties for value.

Under 11 U.S.C.A. § 547, a trustee in bankruptcy may set aside preferential transfers made to a creditor for or on account of an antecedent debt made while the debtor was insolvent within 90 days before the date of the filing of the petition. In

the case of insiders, the transfer may be avoided between 90 days and one year before the date of the filing of the petition if such creditor at the time of such a transfer was an insider. In this case, at least two of the vehicles were arguably transferred to insiders in that they were transferred to the employer of the defendant Frederick J. Schell or to a co-employee of Frederick J. Schell.

■ Under 11 U.S.C.A. § 548, fraudulent transfers within one year before the date of the filing of a Voluntary Petition in bankruptcy, may be avoided by the trustee. Fraudulent transfers are defined as transfers made with the intent to hinder, delay or defraud any entity.

Since the 1978 Ford Van, the 1977 Chevrolet Blazer and the 1977 Starcraft camper were all sold over one year prior to the debtor/defendant Frederick J. Schell having filed his Voluntary Petition in Bankruptcy, this court holds that said assets could not have been subject to the avoidance powers of a trustee in bankruptcy either under 11 U.S.C.A. § 547 or 11 U.S.C.A. § 548, even if under 11 U.S.C.A. § 547 the transfer is construed as having been made to an insider.

■ Next, it is necessary to determine whether or not the 1981 Mercury Capri is an asset subject to equitable distribution. The 1981 Mercury Capri was destroyed in a motor vehicle accident in August 1983, at which time the net proceeds payable to the debtor from an insurance policy insuring the vehicle after payment of the note due the secured party, was paid to the defendant Frederick J. Schell. The defendant then transferred the $1000 paid to him to the plaintiff Nancy J. Schell. The transfer of those funds would have been within one year prior to the filing of a petition in bankruptcy on July 3, 1984. Thus, theoretically, this transfer is subject to the avoidance powers of a trustee under 11 U.S.C.A. § 547 or 11 U.S.C.A. § 548. This court concludes, however, that the other elements necessary to sustain either a preferential transfer to an insider or a fraudulent transfer do not apply. From 1981 to May 1984, when the defendant suffered a nervous breakdown as a result of being

physically and mentally run down, the defendant Frederick J. Schell had been a supervisor of door installers throughout the country with Eljo Products, Inc. During the last year in which he was such a supervisor, his income varied from $39,000 to $59,000 plus bonuses based on his performance. His income decreased in 1984 to $22,754 since after his recovery from his medical problems, he ceased working for Eljo Products and worked as an independent subcontractor to Magna Seal, Inc. Thus, in 1983, this court finds there was no transfer from Frederick J. Schell to Nancy J. Schell for and on account of an antecedent debt, nor was there such a transfer made while the debtor Frederick J. Schell was insolvent. Additionally, there was no intent to hinder, delay or defraud any entity in making that transfer. Thus, this court finds that the proceeds from the 1981 Mercury Capri are subject to equitable distribution.

■ Frederick J. Schell, at the time of the filing of the Amended Complaint For Divorce, had traded only a few months prior to filing bankruptcy, a Datsun 280 titled in his name for a 1982 Pontiac TransAm. The 1982 Pontiac TransAm was listed in Schedule B-2 as Personal Property of the Debtor on his Voluntary Petition in bankruptcy and as an exempt asset under 11 U.S.C.A. § 522(d)(2) and (5). Under 11 U.S.C.A. § 522(d)(2), a debtor is entitled to exempt his interest not to exceed $1200 in value in one motor vehicle. Further, under 11 U.S.C.A. § 522(d)(5), the debtor is entitled to exempt his total interest in any property not to exceed in value $400. The debtor's equity in the Pontiac TransAm represented the trade-in value of $1500. Therefore, this asset is exempt from equitable distribution.

■ The same result is required with respect to the furniture, which the defendant purchased for $890 after the date of separation but prior to the Amended Complaint being filed. He declared the furniture as personal property having a value of $500 in Section B-2 of his Voluntary Petition in Bankruptcy. Furthermore, the defendant claimed the furniture as exempt property pursuant to 11 U.S.C.A. § 522(d)(3). That section permits a debtor to exempt his interest not to exceed $200 in

value in any particular item or $4000 in aggregate value in household furnishings, household goods, wearing apparel et seq. Thus, the furniture being necessary to the debtor/defendant's "fresh start," this court finds it not subject to equitable distribution. *In re Lawson, supra; Middleton v. Farmers State Bank of Fosston, supra. See also, In re Pody,* 42 *B.R.* 570 (1984).

■ The parties testified at trial, although neither claimed the same on their Preliminary Disclosure Statements, that they owned together as jointly held property, a 13 week time-sharing plan with the Park Lane Hotel in Atlantic City. The defendant Frederick J. Schell estimated that this asset had an estimated market value of $3600. It was an asset jointly owned between the parties and was clearly acquired during the marriage.

However, since it is a joint asset, one half of its value should have been declared under Schedule B–2 Personal Property in the debtor's bankruptcy petition. This is because under 11 U.S.C.A. § 541, all of the debtor's legal or equitable interest became property of the estate subject to distribution by the trustee after liquidation by him in accordance with 11 U.S.C.A. § 726. Thus the one half interest in the asset titled in the name of the debtor/defendant Frederick J. Schell is not subject to equitable distribution.

Since the plaintiff Nancy J. Schell clearly is not a priority creditor under 11 U.S.C.A. § 507, but is an unsecured creditor as to said asset, it is distributable by the trustee to creditors pro rata upon filing of a proper Proof of Claim with the Bankruptcy Court, subject to the debtor's right to have this property declared exempt under an applicable provision of 11 U.S.C.A. § 522.

On the other hand the one-half interest titled in the name of Nancy J. Schell is clearly subject to equitable distribution.

All other assets owned by the parties, or either of them, from the date of the marriage until the date the Amended Complaint was filed are titled in the name of the plaintiff Nancy J. Schell and thus are clearly subject to equitable distribution.

The last issue that this Opinion needs to resolve is whether or not in effecting an equitable distribution of property this court can take into consideration the property which the defendant/debtor Frederick J. Schell has titled in his own name and which as a result of an exemption granted to him by 11 U.S.C.A. § 522 is not subject to be distributed by this court since to do so would deprive him as a debtor of the "fresh start" a discharge in bankruptcy contemplates. *In re Pody* (Supra). In answering this question the court must take into account that by filing bankruptcy and having been granted a discharge by the Bankruptcy Court, the defendant Frederick J. Schell has effectively discharged $52,275 of unsecured debts. *Painter v. Painter, supra,* in establishing guidelines for equitable distribution includes among the factors to be considered by the court the debts and liabilities of the parties.

The court must also recognize that the defendant has exempted from his wife's claim for equitable distribution $7974, representing his life estate and survivorship interest in the marital residence, furniture having a present market value of $500 and $1500 representing the trade-in value for the Datsun in effecting the purchase of the 1982 Pontiac TransAm. *Painter v. Painter, Ibid.,* also includes as a factor to consider in effecting an equitable distribution the property acquired during the marriage by either or both parties and the source of their acquisition.

Additionally, the case of *Lynn v. Lynn,* 165 *N.J.Super* 328 (App.Div.1979), stands for the proposition that a party should not be able to use a marital asset to defray support ordered from current earnings and thereby defeat his wife's interest in the asset at the time of equitable distribution. Thus the transfer of the automobiles, van and camper by the defendant in direct violation of this court's Order Pendente Lite, precluding the liquidation of those marital assets, mitigates in favor of granting the plaintiff credit against the assets which have been exempted from distribution in this proceeding by virtue of the

defendant's discharge in bankruptcy. This is because the current value and income producing capacity of property is yet another criteria recognized by *Painter v. Painter, Ibid.,* in making an equitable distribution of property.

As was stated by Justice Mountain in *Painter, supra,* 65 N.J. at 209:

Judged by these criteria the words, "equitable distribution" set forth a standard which is not unduly vague. This phrase simply directs and requires that the matrimonial judge apportion the marital assets in such manner as will be just to the parties concerned, under all of the circumstances of the particular case. That a judge shall do equity is a notion understood by lawyer and litigant alike.

At 212 he further states:

The trial judge must in each case regard all of the particular circumstances of the individuals before the court, and having weighed and evaluated them reach a determination as to how best to fulfill the mandate of the statute.

This court therefore holds that in making a fair, just and equitable distribution of property, the court can and must consider the parties realistic financial situation after a discharge in bankruptcy. In doing so, the court can therefore and indeed should take into account in effecting an equitable distribution of property subject to such distribution also that property titled in the debtor/defendant's name which the bankruptcy discharge exempts from actual distribution.