In re Nancy A. SOIETT, Plaintiff,

v.

UNITED STATES of America VETERANS' ADMINISTRATION, Defendant.

Bankruptcy No. 186–00310.

Adv. No. 187–0033.

United States Bankruptcy Court,
D. Maine.

Oct. 14, 1988.

Dennis Levandoski, Portland, Me., for Soiett.

Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for U.S. Veterans' Administration.

## MEMORANDUM OF OPINION

JAMES A. GOODMAN, Bankruptcy Judge.

This matter is before the court on a complaint by the chapter 7 debtor seeking to recover a set-off and damages for contempt against the United States Veteran's Administration ("the V.A.") for violating the provisions of 11 U.S.C. § 362(a)[7] and § 524(a)(2). The issue is a core matter pursuant to 28 U.S.C. § 157.

Plaintiff filed a motion for judgment on the pleadings and this Court has treated such motion as one for summary judgment. Bankruptcy Rule 7012; Fed.R.Civ.P. 12(c); Fed.R.Civ.P. 56. The parties have submitted an agreed statement of facts and briefs.

The Court finds the following facts. Debtor ("plaintiff") was an employee of the V.A. During her employment and in accordance with 5 U.S.C. § 6307, plaintiff received advanced sick leave and advanced annual leave from June 3, 1985 through October 17, 1985 while under a doctor's care for emotional and physical exhaustion due to stress. Plaintiff had accrued a debit to her account of 149.75 hours of sick leave and due to a clerical error was accidently advanced 4.5 hours of annual leave prior to the filing of her chapter 7 on September 12, 1986.

After the V.A. received notice of the plaintiff's petition and commencement of the automatic stay, the V.A. nonetheless notified plaintiff by letter that she was indebted to the V.A. for $1,523.50 [1] and her final net pay check, earned post-petition, in the amount of $579.40 was being "applied to" the claim.

This Court finds that both the advanced sick leave and advanced annual leave were debts at the time the petition

---

1. Plaintiff had been removed from employment for alleged wrongdoing on January 5, 1987 but was subsequently reinstated.

was filed and are dischargable pursuant to 11 U.S.C. § 727. Additionally, this Court finds the V.A. willfully violated the automatic stay provisions and holds the V.A. in contempt.

A "debt" is defined as a liability on a claim. 11 U.S.C. § 101(11). Section 101(4) defines "claim" as:

(a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(b) a right to equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured;

Plaintiff's advanced sick leave debit was partially set off prior to her filing bankruptcy but was also reduced by the V.A. by set-off against debtor's post-petition earnings. The advanced annual leave error discovered prior to, but set off after the plaintiff filed bankruptcy, was also reduced in this manner.

It is the V.A.'s contention that set-off is the only means available to recover an employee's advanced sick leave and annual leave obligations and such contingent obligations are not debts and are not dischargable. This Court disagrees. The definition of a debt is amply broad to include obligations that are fixed, contingent, matured and unmatured. *Id.*

The V.A. asserts that it "has not waived its sovereign immunity" for the attorneys' fees, contempt finding or punitive damages sought by plaintiff. The V.A. has failed to cite any authority supporting its position that a "governmental unit" must waive its sovereign immunity before the Court can hold it in civil contempt and award costs and punitive damages. This Court is satisfied by the facts before it that the V.A. had adequate notice of the debtor's insolvency and that it took action to collect a debt when it was stayed from doing so. There is ample authority to hold the V.A. in contempt for its active violation of the automatic stay and to impose sanctions.

An award of costs, fees and punitive damages to a debtor for a creditor's willing violation of the automatic stay is expressly allowed pursuant to 11 U.S.C. § 362(h); § 105(a); and 28 U.S.C. § 2412(a), (b) (allowing awards of costs and fees against the United States and its agencies in civil actions). A finding of contempt is appropriate where a creditor knowingly violates a bankruptcy court order. *In Re Haddad,* 68 B.R. 944, 953 (Bankr.D.Mass.1987); *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 51 (2d Cir. 1976).

The V.A. had notice that the plaintiff filed a chapter 7 petition on September 12, 1986. On February 2, 1987 the V.A. sent a letter to the plaintiff informing her that she continued to be indebted to the V.A. for advanced sick leave and advanced health benefits, and made demand for the payment of those sums. On February 18, 1987 plaintiff's counsel wrote to the V.A. demanding that the V.A. cease any further attempt to collect the debt, refund any amounts deducted from her pay check post-filing, reimburse her for any sick or annual leave improperly set off and provide an accounting.

The record in this case shows the V.A. continued to violate the automatic stay. Had the V.A. any legal basis for collecting a pre-filing debt against a post-filing asset of the debtor, it could have and should have petitioned the Court for relief from the stay to proceed on its claim. *In Re Pody,* 42 B.R. 570, 573 (N.D.Ala.1984). The Court finds that the V.A.'s continuing conduct, however, was at a bare minimum contemptuous. The Court therefore holds the V.A. in civil contempt.

The Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

The foregoing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

This Court shall hold an additional hearing to determine the exact amount of the improper set-off, costs, attorneys' fees and punitive damages, if any. An appropriate judgment consistent with this Opinion shall be entered.