The dispositive issue in this appeal is whether "alimony in gross" is dischargeable in bankruptcy.
The trial court held that such "alimony" was not dischargeable and entered an order garnishing the husband's wages for the amount in question. The husband appeals and we reverse.
The facts necessary to our determination are as follows: *Page 537 
In the decree of divorce, the trial court incorporated by reference a "Separation Agreement" of the parties which included the following provision:
 "5. Husband hereby agrees to pay to Wife as alimony in gross the sum of $10,000.00, said sum being due and payable on or before the expiration of five (5) years from the execution of this Separation Agreement. Said sum shall not bear interest until it becomes due and payable as aforesaid." (Emphasis supplied.)
Some five years after the entry of the divorce decree, a federal bankruptcy court entered an order granting the husband a discharge in bankruptcy. Among the items listed in the husband's schedule in bankruptcy was the alimony in gross indebtedness in question.
The wife subsequently sought to garnish the husband's wages for the alimony in gross she claimed due pursuant to the divorce decree.
As indicated, the trial court found that the alimony in gross was an "alimony obligation" and not dischargeable in bankruptcy.
The husband argues that alimony in gross in Alabama is in the nature of a property settlement, not a support obligation, and therefore is dischargeable in bankruptcy. We agree.
The law is well settled that support obligations are not dischargeable, whereas divisions of property not in the nature of support are dischargeable under the bankruptcy code. See In re Pody, 42 B.R. 570 (Bankr.N.D.Ala. 1984).
The dispositive issue, therefore, is whether alimony in gross is more in the nature of a support obligation or a division of property. If the latter, the trial court is due to be reversed.
That the separation agreement did provide for alimony in gross, as such, is not open to question. That is, the provision quoted above has all of the indicia of "alimony in gross": (1) it was unequivocally designated as such; (2) it mandated the payment of a sum certain at a definite time; and (3) the wife's right to the money was vested. See Hardwick v.Hardwick, 314 So.2d 76 (Ala.Civ.App. 1975).
In the landmark case on alimony in gross in Alabama, the supreme court distinguished between "periodic alimony" and "alimony in gross." See Hager v. Hager, 293 Ala. 47,299 So.2d 743 (1974). Unlike periodic alimony, the court held, alimony in gross is nonmodifiable and in the nature of "a property settlement award, compensating the wife only for the loss of her rights in her husband's estate." Hager, 293 Ala. at 55,299 So.2d at 751.
Although the cases that follow Hager sometimes use the word "support" in discussing alimony in gross, the word is typically used in the following context:
 "Alimony in gross is intended to compensate a wife for the inchoate marital rights and right to future support which she loses by virtue of the divorce, as well as substitute for a property settlement where liquidation of the marital property is not practical."
Andrews v. Andrews, 454 So.2d 1026, 1028 (Ala.Civ.App. 1984).
Our review of the case law in this area, as well as our reading of the above equations of alimony in gross with a property settlement, leads us to the conclusion that, in Alabama, alimony in gross is more in the nature of a division of property than a support obligation. See Ala. Digest,Divorce, Key No. 241 (1985). As such, it is dischargeable in bankruptcy. In re Pody, 42 B.R. 570.
The following synopsis strongly supports us in our conclusion by seeming to foreclose any real dispute over the issue. To wit:
 "Future alimony and future payments in the nature of child support payments do not pass to the trustee as an asset of the estate in the wife's bankruptcy, but future allowances in a definite amount, payable to the bankrupt in the form of 'lump-sum property settlements,' 'alimony in gross,' or a 'final division of property,' do so pass to the trustee as an asset of the estate in bankruptcy." *Page 538 
Annot., 10 A.L.R.Fed. 881, 891 (1972) (emphasis supplied). That is, alimony in gross is dischargeable in bankruptcy.
For the reasons given, this case is reversed and remanded to the trial court for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.