The parties were divorced in March 1986. Incorporated within the divorce decree was an agreement which required the husband to pay $300 per month in periodic alimony. Subsequently, in July 1988, the wife filed a motion to show cause for nonpayment of alimony. In response the husband petitioned for an order terminating alimony pursuant to § 30-2-55, Ala. Code 1975 (1983 Repl.Vol.). Following an ore tenus proceeding, *Page 997 
the trial court, pursuant to § 30-2-55, terminated the wife's alimony on the ground that she had cohabited with a member of the opposite sex. The wife appeals, contending that the evidence was insufficient to support a finding that she had lived openly or cohabited with a member of the opposite sex.
Under § 30-2-55, a trial court may terminate alimony upon petition and proof that the spouse receiving the alimony "is living openly or cohabiting with a member of the opposite sex." A petitioner must prove some permanency of relationship, along with more than occasional sexual activity in order to establish cohabitation. Factors which suggest "some permanency of relationship" include evidence that the wife and alleged cohabitant occupied the same dwelling and shared household expenses. Hicks v. Hicks, 405 So.2d 31 (Ala.Civ.App. 1981). We would note that whether a petitioner actually meets his burden of proof and establishes cohabitation is a question of fact reserved for the trial court's determination. A factual determination will be upheld on appeal unless this court concludes, after considering all the evidence and reasonable inferences drawn therefrom, that such determination is plainly and palpably wrong. Capper v. Capper, 451 So.2d 359
(Ala.Civ.App. 1984).
In the case sub judice, conflicting evidence was presented on the issue of cohabitation. The alleged cohabitant, Donnie Everage, testified that he and the wife lived together and saw each other almost exclusively for a period of six and one-half months. In support of this testimony, he asserted that he moved his clothes into the wife's house and received a house key. Everage further testified that he assisted the wife financially by paying her utility bills, mortgage notes, and $1,500 in legal fees. He also stated that he contributed to the expenses and maintenance of the household by providing the wife with spending money, by sharing in the weekly grocery shopping, and by performing chores such as mowing the lawn and servicing the swimming pool. In addition, Everage asserted that he and the wife's sons had gone on more than one overnight trip together. This assertion was substantiated by the wife's fifteen-year-old son's testimony.
The wife admitted that Everage had remained at her house overnight on an irregular basis, maintained the yard on occasion, and assisted her financially. However, she insisted that she and Everage had never shared living quarters and that she had never dated Everage to the exclusion of all others.
At an ore tenus proceeding, a trial court has the benefit of observing a witness's manner and demeanor and thus has a better opportunity to pass upon the credibility and probable biases of those testifying before it. In view of this, the trial court's resolution of the controverted facts in favor of the husband must be upheld on appeal absent a showing of plain and palpable abuse. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,435 So.2d 712 (Ala. 1983); Tanner v. Thompson, 376 So.2d 697
(Ala. 1979).
As noted, the trial court concluded, after observing the various witnesses and hearing the testimony presented on behalf of both parties, that the wife had cohabited with a member of the opposite sex. We find after examining the record that the trial court could have reasonably inferred from the evidence before it that the factors indicating cohabitation were present in this case. In view of the foregoing, the trial court's judgment is due to be affirmed.
The husband's request for attorney's fees is hereby granted in the amount of $500. The wife's request for attorney's fees is denied.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 998