ROBERTSON, Judge.
This is an appeal from a trial court’s order interpreting a provision found in a divorce decree.
Husband and wife were divorced in July 1988. Pursuant to the decree, a provision was entered that provided the following:
“As a property settlement and as alimony in gross, the husband shall pay to the wife Twenty Five Thousand Dollars ($25,000.00) which award includes the Four Thousand Dollar ($4,000.00) loan which she made to him. This amount shall be paid to the wife within twelve (12) months from the date of the Decree, but shall draw interest at the lawful rate of twelve percent (12%) per annum from the date this Decree is final until paid.”
In November 1988, the husband filed bankruptcy in federal court. However, on a motion of both the husband and the wife, the state trial court was asked to interpret the aforementioned provision. Specifically, the parties sought an interpretation con *843 cerning whether the $25,000 award was dischargeable in bankruptcy.
The circuit court found that the $25,000 award “was intended to accomplish two purposes:
“1. To divest the wife of any claims she may have had under § 30-2-51 regarding property the husband had acquired prior to the marriage.
“2. To award to the wife, from the husband’s estate, an amount sufficient for her and the child to establish current housing. Therefore, this Court finds that $21,000.00 of the $25,000.00 awarded in paragraph 6 would not be subject to discharge in Bankruptcy. The $4,000.00 loan would be dischargeable as would any other debt.”
The dispositive issue in this case is whether the trial court erred in its determination that the $21,000 was non-dischargea-ble in bankruptcy.
It is well established that support obligations are not dischargeable in bankruptcy. Pressnell v. Pressnell, 519 So.2d 536 (Ala.Civ.App.1987). On the other hand, property divisions that are not in the nature of support are dischargeable debts. Pressnell. Further, this court has also held that “alimony in gross is more in the nature of a division of property than a support obligation” and thus that it is dis-chargeable in bankruptcy. Pressnell.
The divorce decree in this case is very clear that the $25,000 represents “a property settlement and ... alimony in gross.” In fact, it “has all the indicia of ‘alimony in gross’: (1) it was unequivocally designated as such; (2) it mandated the payment of a sum certain at a definite time; and (3) the wife’s right to the money was vested.” Pressnell.
Further, the wife was awarded child support in a separate provision in the amount of $500.00 per month and was denied, in another provision, periodic alimony.
In short, we cannot find that the $25,000 amount represents a future support payment that can be found non-dischargeable in bankruptcy.
For the foregoing reasons, this case is reversed and remanded to the trial court for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.