The parties were divorced on March 4, 1980. An agreement was entered into by *Page 1209 
the parties and was subsequently ratified by the trial court in the judgment of divorce. The pertinent portions of the judgment provided:
 "2. That the Plaintiff shall have the exclusive use and possession of the jointly owned homeplace located at 159 Cosgrove Drive, Mobile, Alabama, until such time as she should remarry or elects to sell the said homeplace and at which time the said homeplace shall be sold, and the proceeds of the sale shall be equally divided between the Plaintiff and the Defendant, and that the Plaintiff shall pay and be responsible for the first mortgage on the said homeplace and the utilities in the operation of the said homeplace for so long as she has possession.
 "3. That the Defendant shall pay to the Plaintiff as child support and toward the payment of the house note and utilities abovementioned the sum of $500 per month, and the Defendant shall continue to pay this amount each month until such time as the Plaintiff remarries or elects to sell the said homeplace, and the full payment of $500 per month shall continue even though the children have reached their majority as an investment by the Defendant in the abovementioned homeplace."
On March 22, 1991, the husband filed a petition to modify the judgment of divorce, requesting that alimony payments of $500 per month be terminated and that the homeplace be sold and the proceeds divided pursuant to the prior order of the trial court. Following ore tenus proceedings, the trial court issued an order on July 3, 1991, requiring, inter alia, that the $500 per month be terminated and that the homeplace be sold, with the proceeds from the sale divided between the parties. The wife filed a motion to stay the enforcement and a motion for reconsideration. The court entered an order on September 4, 1991, which provided that "the [husband's] responsibility to pay the house note is terminated." The wife appeals.
The husband's petition to modify alleged that the wife was living openly in cohabitation with a person of the opposite sex and had been for a number of years. Therefore, he requested, pursuant to § 30-2-55, Code 1975, that the alimony be terminated and that the homeplace be sold.
The wife argues that the payments of $500 per month made by the husband should be considered a property settlement and, therefore, not subject to modification. We have previously addressed this issue, and at least two requirements must be met in order for payments to constitute a property settlement: (1) the amount and time of payment must be certain; and (2) the right to it must be vested and not subject to modification.Thomas v. Thomas, 392 So.2d 233 (Ala.Civ.App. 1980).
In the instant case, the payments are to cease upon the remarriage of the wife or when the wife elects to sell the homeplace. If either of these two events occurred, the homeplace was then to be sold, with the proceeds divided equally between the parties, and the monthly payments would cease. Clearly, the time of payment and the amount the husband will pay cannot be ascertained under that provision. InMcGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978), the original divorce decree ordered the husband to pay the mortgage installments on the couple's former residence, and this court held that such an award did not constitute a property settlement. Likewise, in this case, we cannot find that the payment of $500 per month constituted a property settlement, but, rather, we find it to be in the nature of periodic alimony.
Having determined that the monthly payments were not a property settlement, we now consider whether the trial court erred by terminating the periodic alimony. The wife contends that the husband did not prove cohabitation by a preponderance of the evidence.
Section 30-2-55, Code 1975, in pertinent part provides:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof *Page 1210 
that the spouse receiving such alimony . . . is living openly or cohabitating with a member of the opposite sex."
In order for § 30-2-55 to apply, and the husband's obligation to pay alimony terminated, there must be proof that the wife is "living openly or cohabitating with a member of the opposite sex." This court addressed the issue of cohabitation in Hicksv. Hicks, 405 So.2d 31 (Ala.Civ.App. 1981), wherein we found that cohabitation requires some permanency of relationship. Factors which the trial court may considered in determining "permanency of relationship" include evidence that the wife and the alleged cohabitant occupied the same dwelling and shared household expenses. Taylor v. Taylor, 550 So.2d 996
(Ala.Civ.App. 1989). We note that it is a question of fact for the trial court to determine whether the husband met his burden of proof in establishing cohabitation. Taylor. This factual determination will be upheld on appeal unless it is plainly and palpably wrong. Taylor.
In the instant case, the wife admitted that she has lived with Claude Henry Mullin since 1984, when they moved into an apartment together in California. In 1987 they moved into a house that Mullin owns, and, at the time of trial, she was still living there. She testified that she does not pay rent; instead, she said, she cooks and cleans in exchange for the rent payment. However, the wife denied ever having sexual relations with Mullin. Mullin also testified by deposition that the wife does not pay rent but does pay for half of the utilities. Also, he testified that he bought an interest in a condominium that she owns in Florida and that he bought a Ford Fiesta automobile which is registered in both his name and her name.
From a review of the record testimony, we find that the husband met his burden of proof in establishing that the wife was "living openly or cohabitating with a member of the opposite sex." Therefore, the trial court's judgment is due to be, and it is hereby, affirmed.
The wife's application for attorney fees is hereby denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.