ROBERTSON, Presiding Judge.
Sandra B. Tapper and Leendert Tapper were divorced by a judgment of the Mobile County Circuit Court entered on June 22, 1990. Pursuant to the judgment of divorce, the trial court awarded the wife custody of the parties’ two minor children, directed the husband to pay the wife child support in the amount of $868 per month, and directed the husband to “pay to the [wife] in the nature of a property settlement $722.00 per month for a period of eight (8) years.”
On March 31, 1993, the wife filed a petition, seeking post-minority child support for both children. Thereafter, on June 18, 1993, the wife filed a motion requesting the trial court to hold the husband in contempt of court for failing, to make the $722 payments. In her motion for contempt, the wife alleged that on June 12, 1991, the husband had filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, in the Bankruptcy Court for the Southern District of Alabama, and that he had been discharged from all debts dischargeable pursuant to 11 U.S.C. § 727. On August 20, 1993, the husband filed a motion requesting the trial court to consolidate the hearings on the modification and contempt proceedings. However, before a hearing was held on these motions, the parties reached an agreement to extend the husband’s support obligation for both children.
On September 13,1993, at a hearing on the wife’s contempt motion, the husband orally moved to dismiss the motion, arguing that the payments he had owed to his wife had been discharged by the bankruptcy court. Following arguments of counsel, the trial court entered an order on October 29, 1993, ratifying the parties’ agreement as to child support. However, the trial court denied the wife’s contempt motion, concluding that “the issue in question is a property settlement, and said property settlement has been discharged in Bankruptcy Court.”
The wife appeals, contending that the trial court erred in refusing to allow her to present evidence to prove her claim that the husband’s obligation, which was designated in the divorce judgment as being “in the nature of a property settlement,” was actually “in the nature of alimony, maintenance, or support,” within the meaning of 11 U.S.C. § 523, and was, therefore, nondischargeable in bankruptcy.
In reviewing a motion to dismiss, if the trial court considers matters outside the pleadings, the motion is to be treated as one for summary judgment. Moore v. Liberty Nat’l Life Ins. Co., 581 So.2d 833 (Ala.1991). In such instances, the defendant is obligated to show that there exists no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Id. In this case, the record indicates that the trial court considered matters outside the pleadings in reaching a determination on the husband’s motion, i.e., whether the obligation to the wife was listed in the husband’s bankruptcy petition and discharge.
Pursuant to 11 U.S.C. § 727(b), a debtor who has been discharged in bankruptcy is no longer liable for debts that arose before the date of the order of relief. Thus, property settlements and obligations to pay alimony in gross are dischargeable. Pressnell v. Pressnell, 519 So.2d 536 (Ala.Civ.App.1987). How *825 ever, court-ordered obligations to provide periodic alimony, maintenance, and support for a spouse are nondischargeable. 11 U.S.C. § 523(a)(5); Pressnell
To constitute a property settlement, the time and the amount of the post-divorce payments must be certain, and the payee spouse’s right to the payments must be vested and not subject to modification. Daniels v. Daniels, 599 So.2d 1208 (Ala.Civ.App.1992). In this case, the husband was to pay the wife $722 per month for a period of 8 years. The trial court did not reserve jurisdiction to modify the terms of the payments. These facts, coupled with the plain language of the divorce judgment designating the husband’s payments as being “in the nature of a property settlement,” satisfy this court that the payments were not “in the nature of alimony, maintenance, or support,” within the meaning of 11 U.S.C. § 523(a)(5).
The husband’s obligation to pay the wife $722 per month had been discharged in bankruptcy, and, as a matter of law, he was not responsible for making the payments. Pressnell, supra. Therefore, we conclude that the trial court did not err by, in effect, granting summary judgment on this issue. Moore, supra. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.