The parties were divorced in 1988. Incorporated into the final judgment of divorce was the following pertinent provision:
 "4. That [the wife] shall have the exclusive occupancy and possession of the home owned by the parties until she remarries, cohabits with a person of the opposite sex, or elects to vacate said home for any other reason, and upon occurrence of either of said events, [the wife] shall execute and deliver a quit claim deed conveying all her right, title and interest in and to said home to [the husband], and [the husband] shall be responsible for and pay all mortgage payments, insurance and taxes as they become due on said property, and [the wife] shall be responsible for and pay all maintenance and upkeep for said property."
The parties were married for 25 years. Five children were born of the marriage. The wife was awarded custody of the parties' remaining minor child, and the husband was ordered to pay $50 per week as child support. The wife was not awarded monthly monetary support.
In April 1993 the wife filed a petition to show cause, requesting that the court find the husband in contempt for his failure to make the mortgage payments as required by the final judgment of divorce. The husband filed a motion to dismiss the wife's petition on the grounds that he had obtained a Chapter 7 bankruptcy discharge, 11 U.S.C.A. § 727 (West Supp. 1990), which he claimed relieved him from his obligation to make the mortgage payments.
Following oral proceedings, a domestic referee entered a decision, finding that the final judgment of divorce, which gave the wife the right to possession of the home until the occurrence of certain events and which required the husband to maintain the mortgage payments and other expenses, constituted an award of alimony, neither dischargeable nor discharged in the husband's bankruptcy case. The referee entered a judgment against the husband accordingly. *Page 1016 
The circuit court entered an order adopting the findings and conclusions of the domestic referee. The husband appealed the decision and requested a hearing in the circuit court. Following a hearing, the circuit court reversed the domestic referee's decision and found that the mortgage payments in the final judgment of divorce were in the nature of a property settlement. It concluded, therefore, that the husband's obligation was terminated by the bankruptcy proceedings.
The wife appeals and asserts that the court erred in finding the husband's obligation to maintain the mortgage payments constituted a non-modifiable property settlement which was discharged in the husband's Chapter 7 bankruptcy proceeding.
Pursuant to 11 U.S.C.A. § 727(b), one who has been discharged in bankruptcy is no longer liable for debts that arose before the date of the order of relief. Therefore, property settlements and obligations to pay alimony in gross are dischargeable. Pressnell v. Pressnell, 519 So.2d 536
(Ala.Civ.App. 1987). Court-ordered obligations to provide periodic alimony, maintenance, and support for a spouse, however, are not dischargeable. 11 U.S.C.A. § 523(a)(5);Pressnell.
For an award to constitute a property settlement, at least two requirements must be met: (1) the amount and time of payment must be certain; and (2) the right to the payment must be vested and not subject to modification. Daniels v. Daniels,599 So.2d 1208 (Ala.Civ.App. 1992).
Here, the payments are to cease if the wife elects to remarry, if she cohabits with a member of the opposite sex, or if she elects to vacate the home for any other reason. If any of these contingencies were to occur, the wife would convey the title of the home to the husband. Under these terms, the amount that the husband will pay cannot be ascertained, and the wife's right to the home is clearly not vested.
We find the husband's obligation to maintain the mortgage and relative expenses to be in the nature of periodic alimony and, therefore, not dischargeable in bankruptcy. The trial court erred in finding otherwise. Daniels.
The judgment of the trial court is reversed and the cause remanded. The trial court is directed to enter a judgment in accordance with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.