YATES, Judge.
The trial court divorced the parties in 1993; they had been married 21 years. Pursuant to an agreement of the parties incorporated into the divorce judgment, the trial court awarded the wife custody of the parties’ minor child and ordered the husband to pay $270 per month as child support. The judgment further provided:
“4. [The wife] shall be responsible for payment of the auto loan note owing to Peoples Bank. [The husband] shall be responsible for payment of all other debts owing to Peoples Bank. The parties agree to pay all other debts of the marriage in full with the parties’ income tax refund.
“5. [The wife] shall receive title, use, possession and ownership of the real estate of the parties. [The husband] agrees to the execution of a warranty deed to convey *453 his interest in and to said real property to [wife].
“6. [The wife] shall have title, possession and ownership of the 1991 Lumina automobile ... [the husband] shall have title, use, possession and ownership of the 1980 Mazda truck. Each party shall retain those items of personal property in their possession as of this date and neither claims further personal property from the other.
“7. The parties hereby relinquish all rights to share in-the respective estate of the other, including the right to serve as Executor or Administrator.”
In October 1994, the wife petitioned the trial court to find the husband in contempt for his failure to make the mortgage payments to the Peoples Bank, as required by the divorce judgment. She stated that Peoples Bank had notified her that it was foreclosing on the home. The husband responded by saying that he had filed a bankruptcy petition with the United States Bankruptcy Court, listing Peoples Bank as a creditor, and that that court had discharged his indebtedness to Peoples Bank, which, he claimed, relieved him from his obligation to make the mortgage payments.
On February 23, 1995, the trial court entered an order stating that the debt on the marital residence was not dischargeable in bankruptcy; finding the husband in contempt; and ordering him incarcerated until he purged himself of the contempt. The trial court further ordered the husband to pay the wife’s $300 attorney fee. The husband appeals. The dispositive issue is whether the trial court erred in holding that the debt on the marital residence was not dischargeable in bankruptcy.
Pursuant to 11 U.S.C., § 727(b), one whose debts have been discharged in bankruptcy is no longer liable for debts that arose before the date of the order of relief. “The law is well settled that support obligations are not dischargeable, whereas divisions of property not in the nature of support are dischargea-ble under the bankruptcy code.” Pressnell v. Pressnell, 519 So.2d 536, 537 (Ala.Civ.App. 1987). “[A]t least two requirements must be met in order for payments to constitute a property settlement: (1) the amount and time of payment must be certain; and (2) the right to it must be vested and not subject to modification.” Daniels v. Daniels, 599 So.2d 1208,1209 (Ala.Civ.App.1992).
The husband’s obligation under the divorce agreement was not subject to a contingency; therefore, the amount of time and payment were certain. Further, the trial court did not reserve the right to modify the husband’s obligation; therefore, the wife’s right to payment was vested. The agreement intended the mortgage payments to be a distribution of property between the parties. See McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App. 1977). Because the husband’s obligation to pay the mortgage constituted a property division, the obligation was dischargeable in bankruptcy. Accordingly, the judgment of the trial court is reversed, and the case is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
■THIGPEN, J., concurs in the result.