RICHARD L. HOLMES, Retired Appellate Judge.
The parties sought an uncontested divorce in February 1980. They executed an agreement, which was adopted by the trial court in its divorce decree issued February 28, 1980.
*536 The decree awarded custody of the parties’ minor children to the wife and ordered the husband to pay child support. The decree also ordered the husband to pay “alimony in gross” on a monthly basis to the wife. The decree established two formulas — one to be used on an annual basis to calculate whether the child support amount should be increased and one to be used on an annual basis to calculate whether the amount of “alimony in gross” should be increased.
In June 1995 the husband filed a motion to modify, requesting that the trial court terminate his child support obligation because all of the parties’ children had either reached the age of majority or were serving in the military. The husband also requested that the trial court terminate his obligation to pay “alimony in gross” to the wife because of a material change in circumstances.
The wife filed an answer and a motion for rule nisi, alleging that the husband was in arrears in both his child support obligation and his “alimony in gross” obligation.
The trial court held a hearing in March 1996. Both the husband and the wife testified at the hearing. Thereafter, the trial court issued an order, dated March 14, 1996, terminating the husband’s child support obligation as of January 2, 1991, when the remaining minor child came to live with the husband, and awarding a judgment against the husband for child support arrearage as of January 2, 1991, in the amount of $2,842.00, plus interest of $678.70, for a total of $3,520.70. The trial court also found that the “alimony in gross” was, in fact, a “property settlement” and awarded a judgment against the husband in the amount of $29,221.00, including interest.
The wife filed a post-judgment motion, contending that the trial court erred in terminating child support as of January 2, 1991, and in determining the amount of arrearage for past-due child support.
After a hearing the trial court issued an order, dated May 28, 1996, finding that the amount of child support arrearage through March 1996 should be $35,793.20, including interest, instead of the $3,520.70 ordered in the March 1996 order. The trial court also determined that the amount of arrearage for the “property settlement” through March 1996 should be $32,272.50.
The husband appeals.
The only issue raised by the husband on appeal is whether the trial court’s award of $35,793.20 for the child support arrearage is plainly and palpably wrong or an abuse of the trial court’s discretion. We specifically note that there is no issue on appeal regarding the stated “property settlement.”
We would note that at the March 1996 hearing, the husband admitted that he owed a child support arrearage, which he was willing to pay. However, the husband calculated that he owed only $871.82 for past-due child support.
The wife submitted exhibits (Exhibits C, D, and G) at the March 1996 hearing, wherein she calculated that the amount of the child support arrearage owed by the husband was between $18,648.65 and $74,122.64, including interest.
It would appear that in its March 1996 order, the trial court used figures from the wife’s Exhibit C, which indicated that as of January 1991, the child support arrearage owed was $2,842, plus interest. While we recognize that $35,793.20 falls within the wife’s calculations contained in her Exhibits C, D, and G, we are unable to determine how the trial court arrived at the figure of $35,-793.20. The trial court’s order gives no insight as to how it arrived at the figure, but merely states the following:
“2. THAT amount of the judgment awarded in Numbered Paragraph Two of the Order of the Court, dated March 14, 1996, should be, including principal and interest, $35,793.20 through March 1996.”
It would appear that the wife is also unable to determine how the trial court arrived at the figure contained in its May 1996 order. On pages five and six of her brief, we find the following:
“After consideration at rehearing, the trial court apparently agreed with [the wife], and established [the] child support arrearage at $35,793.20. How the court reached this figure is not set out; however, it is apparent that this figure is between *537 the arrearage figure of [the wife’s] Exhibit “C” and Exhibit “D.” The trial court apparently increased support for years 1986 through 1996 using the escalation formula of paragraph 4 [of the divorce decree], but excluding retirement income and/or allowed [the husband] some offsets for years 1991-1993. [The wife] maintains this is not a palpable abuse of discretion by the trial court.”
We would note that the record does not contain a transcript of the oral arguments held on the wife’s post-judgment motion. The record does contain a Rule 10(d), Ala. R.App. P., statement filed by the husband and approved by the trial court, which states the following, in pertinent part:
“1. During the May 28, 1996, hearing on [the wife’s] post-judgment, Rule 69, [Ala. R. Civ. P.,] motion to reconsider, the trial judge inquired as to whether or not the [husband] had filed a petition in bankruptcy. [The husband’s] counsel responded that [the husband] had.
“2. No report was made of the proceeding. The proceeding was conducted through oral argument of counsel and neither party was present.”
We find it to be strange that if you add $3,520.70 (the child support arrearage in the March 1996 order) and $32,272.50 (the “property settlement” arrearage in the May 1996 order), the sum totals exactly $35,793.20. Stated differently, it would appear that the trial court added the stated amount of “property settlement” arrearage from its May 1996 order to that of the child support ar-rearage from its March 1996 order to arrive at the stated amount of child support arrear-age in its May 1996 order. It would also appear that this is an attempt on the part of the trial court to prevent the husband from discharging the “property settlement” ar-rearage through his bankruptcy petition. If that is, in fact, how the trial court arrived at the child support arrearage figure in its May 1996 order, then the trial court abused its discretion. Gould v. Gould, 586 So.2d 938 (Ala.Civ.App.1991).
In any event, in light of the foregoing, we reverse the trial court’s May 1996 judgment regarding the child support arrearage and remand the cause for the trial court to recalculate the child support arrearage, keeping in mind that the husband could well be entitled to credits on the arrearage while the minor child resided with the husband.
The wife’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.