WRIGHT, Presiding Judge.
The husband appeals from alimony in gross provisions of a divorce decree.
The parties were married in 1951. They have one adult daughter. They divorced in 1963 but entered into a common-law marriage in September 1964. They were again ceremonially married in 1965.
The husband worked twenty-one years at U. S. Steel and is presently receiving a monthly disability pension of $285 as a result of an accident. He owned a forty-acre farm with a house, valued at $68,000, but the husband testified the farm was producing no income. At the time of trial, $5,000 was still owed on a farm mortgage. The husband began a liquid feed business in 1974 but at trial he testified it would be five years before any profits would be shown. He owns $11,000 worth of liquid feed equipment, with that amount still owed. He earns $300 per month from a part-time job managing a cafe.
During coverture the wife did household work and farm chores and worked at various jobs after the husband’s accident, helping to pay bills. She testified that she purchased certain farm equipment and house furnishings.
In December 1975, while still married to the husband, the wife entered a ceremonial marriage with Jimmy Humphryes, the husband’s erstwhile partner in the liquid feed business. Knowledge by the husband of that relationship precipitated a separation in February 1976. The wife left the home and began living openly with Humphryes in Panama City, Florida, where she resided at time of trial.
The husband filed a complaint in August 1976 alleging incompatibility. Judgment of divorce was rendered September 29, 1977. The court found the main property of the *576 marriage to be the farm and homeplace. The wife was awarded an organ and stereo, all other personal and real property going to the husband. She was awarded $20,000 alimony in gross, $3,000 to be paid within sixty days of the divorce and the balance payable in monthly installments of $100. A lien was placed on the farm to insure payment. The court reserved jurisdiction to accelerate payment or to change method or time of payment but not to alter tjie amount. Attorney fees in the amount of $250 were awarded. The husband’s motion for new trial was denied and appeal was taken.
The husband contends the alimony in gross award is excessive in that he is unable to pay and the award fails to consider the wife’s fault and her present earning ability.
An award of alimony in gross may be used to compensate a wife for her inchoate marital rights and represent a division of the fruits of the marriage where the liquidation of a couple’s jointly-owned assets is not practicable. Hawkins v. Hawkins, 346 So.2d 967 (Ala.Civ.App.1977). There is no mathematical formula in determining the propriety of an alimony award. Phillips v. Phillips, 344 So.2d 786 (Ala.Civ.App.1977). The question of alimony is a matter within the trial court’s sound discretion and will not be reversed on appeal in the absence of abuse. Caylor v. Caylor, 344 So.2d 173 (Ala.Civ.App.1977). The $20,000 award in the instant case is not unjust, despite the husband’s protests of inability to pay. It is less than one-third the value of the farm and the wife clearly contributed to the development and maintenance of the farm. The $100 monthly payments are only about one-sixth the husband’s monthly income of $585. It is anticipated that his income will increase in a few years as his liquid feed business becomes profitable. The decree does not require that the farm be sold, so the case of Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966), involving sacrifice of capital assets, is not applicable. If at any time it appears the husband is having difficulty making the payments, he might obtain relief by invoking the decretal provision providing for modification of the time or method of payments “as conditions and circumstances may change.” Since it appears the farm produces no income, its sale for property settlement could have been ordered without violating the principle of Leo v. Leo, supra.
It is asserted that the court improperly failed to consider the wife’s fault in the breakup of the marriage, or her present earning ability; it appears she presently earns $750 per month and her new husband earns another $750. The difference between gross and periodic alimony should be noted. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974) stated:
“ ‘Alimony in gross’ is the present value of the wife’s inchoate marital rights— dower, homestead, quarantine, and distributive share. It is payable out of the husband’s present estate as it exists at the time of the divorce. ... On the other hand, ‘periodic alimony’ is an allowance for the future support of the wife payable from the current earnings of the husband.” Id. at 55, 299 So.2d at 750.
Although fault and earning ability are factors to be considered, the primary emphasis in awarding gross alimony is the present value of the wife’s rights. The award in the instant case focused upon the wife’s contribution to the accumulated estate and her inchoate rights therein. Whether denominated alimony in gross or a division of property, the court was empowered to adjust all equities between the parties. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App.1977); Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833 (1975). Section 30-2-53, Code of Alabama (1975).
It is our opinion that the trial court did not stray from the bounds of its discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.