In re Michael L. HANEY, Debtor.

Sandra Haney BURK, Plaintiff,

v.

Michael Larence HANEY and
Harry Long, Trustee.

In re Burey Stardford HARDEMAN,
f/d/b/a Cherokee Steel, Inc., B & M
Contractor, Inc., and Bill Bo Building
Corp., Debtor.

Martha Ann Williams HARDEMAN,
Plaintiff,

v.

Burey Stardford HANEY and Thomas
Reynolds, as Trustee, Defendants.

Bankruptcy Nos. 82–03397, 81–07149.
Adv. Nos. 82–0869, 82–0255.

United States Bankruptcy Court,
N.D. Alabama.

Aug. 9, 1983.

As Amended Oct. 27, 1983.

Ray F. Robbins, II, Talladega, Ala., for plaintiff, Sandra Haney Burke.

Harvey Campbell, Jr., Talladega, Ala., for defendant, Michael Haney.

Harry Long, Anniston, Ala., trustee in Michael Haney case.

Stephen Harrison, Gadsden, Ala., for plaintiff, Martha Ann Williams Hardeman.

Joe R. Whatley, Jr., Birmingham, Ala., for defendant, Burey S. Hardeman.

Thomas Reynolds, Birmingham, Ala., trustee in Burey Hardeman case.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

### Introduction

Each of the above-styled adversary proceedings was commenced by the debtor's former spouse to determine the dischargeability of a debt alleged by the former spouse to be alimony and, therefore, nondischargeable under 11 U.S.C. § 523(a)(5).

### Findings of Fact

In the *Haney* proceeding a trial was held before the bankruptcy judge, without the intervention of a jury, from which the bankruptcy judge finds the facts to be as follows:

1.  The debtor, Michael Haney, and the plaintiff, Sandra Haney Burk, were divorced by a judgment entered on March 9, 1979, after three years of marriage.

2.  No children were born of the marriage.

3.  The plaintiff, Sandra Haney Burk, had a house when the parties married and retained possession of the house after the divorce.

4.  The debt in question herein arises from a separation agreement entered into by the parties and subsequently ratified by the divorce court in the Judgment of Divorce.

5.  The separation agreement provided in pertinent part as follows:

3.  The Husband assumes and agrees to pay according to their terms the note of the parties due to the Citizens Bank of Talladega on the motor vehicles hereinabove mentioned; the indebtedness for which the security is a second mortgage on the residence property to Avco Financial Services; the indebtedness to Conner's Furniture Company. Wife shall continue to maintain in force and effect the automobile insurance according to the

coverage and limits presently insured on the aforesaid Honda Automobile.

6. The plaintiff, Sandra Haney Burk, paid the debts, and the sum of the debts was $10,409.00.

7. The plaintiff, Sandra Haney Burk, quit her job a week before her marriage to the debtor, and was unemployed during the term of the marriage. She was employed shortly after the divorce.

8. On June 10, 1982, the debtor, Michael Haney, filed his petition in bankruptcy under Chapter 7 of 11 U.S.C.

In the *Hardeman* proceeding the parties submitted the matter to the Court as if on opposing motions for summary judgment after filing stipulated facts and records from the divorce court proceedings, and the bankruptcy judge finds the facts to be as follows:

1. the debtor, Burey Stardford Hardeman, and the plaintiff, Martha Ann Williams Hardeman, were divorced by a decree entered on May 15, 1981, after nearly six years of marriage.

2. No children were born of the marriage.

3. The debtor, Burey Stardford Hardeman, was awarded the marital residence, the debtor's business property, and certain other personal property as a "division of property" in the divorce decree, and the plaintiff, Martha Ann Williams Hardeman, likewise was awarded certain property in the divorce decree.

4. The debts in question herein arose from the following pertinent parts of the divorce decree:

5. Further, in division of property and as alimony in gross, the plaintiff shall make the following payments:

a. He shall pay the indebtedness in accordance with its terms which exists on a 1978 Monte Carlo automobile which was taken from the parties by law enforcement officials. The plaintiff shall indemnify and hold harmless the defendant for any of such indebtedness which she shall hereafter pay.

b. The plaintiff shall pay to the defendant the sum of $24,000, such payment to be made in installments of $400 per month for 5 years. These payments shall be made to the Register of this court for disbursement to the defendant. The payments shall be made on or before the 5th day of each month commencing in June, 1981.

6. The plaintiff shall indemnify and hold the defendant harmless for any liability which she shall incur as a direct result of her executing the note and mortgage to Farmers and Merchants Bank dated December 12, 1980 to secure a loan of $230,000 for the plaintiff's business.

5. On November 30, 1981, the debtor filed his petition in bankruptcy under Chapter 7 of 11 U.S.C., and listed the aforementioned debts as owing to the plaintiff.

6. The plaintiff, Martha Ann Williams Hardeman, was employed by Cherokee Steel, Inc., for an undetermined period of time ending in March, 1981, and while an employee of the corporation she earned either $200 per week (plaintiff's stipulated facts) or $400 per week (debtor's stipulated facts).

## Conclusions of Law

Debts for alimony, maintenance, or support of a former spouse are not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). The issue then, in each of these proceedings, is whether the divorce decree made an award of alimony, maintenance or support, or whether the decree provided for a property settlement not in the nature of support, which would be dischargeable in bankruptcy.

Throughout the history of United States bankruptcy law, family support obligations have been excepted from discharge in bankruptcy. 1 Norton, Bankr.Law & Practice § 27.56 (1981). In Bankruptcy Code § 523(a)(5) the current embodiment of this earlier policy, that debtors should support their dependents, is balanced against the avowed purpose of the Code to provide the debtor with the possibility of a fresh

start. *In re Voss,* 20 B.R. 598, 601 (Bkrtcy. Iowa 1982). Thus, *support* obligations are nondischargeable, whereas divisions of property, including allocations of debt, *not in the nature of support* are dischargeable under 11 U.S.C. § 523(a)(5)(B).

The burden of proof that a debt falls within a statutory exception to discharge is on the party objecting to dischargeability of the particular debt. *Matter of Cross,* 666 F.2d 873, 880 (C.A.5, 1982); *Matter of Vande Zande,* 22 B.R. 328, 330 (Bkrtcy.W.D. Wis.1982); *In re Voss, supra.*

The question of whether a debt is alimony is a federal, not a state law, question. *In re Cartner,* 9 B.R. 543, 546 (Bkrtcy. M.D.Ala.1981); *H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977).* This Court is not bound by the classifications placed on the debts in the divorce decree, but must attempt instead to effectuate the parties' and the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy.

In *In re Cartner, supra,* the court examined several factors in determining whether the debts owed to a former spouse were dischargeable in the case, including:

1. Whether children were born of the marriage;
2. The parties' levels of income;
3. Whether there was a division of property and a division of the debts relating to that property;
4. Whether the former spouse had shown a need for additional support;
5. Whether the former spouse was shown to have suffered in the job market, or was otherwise disadvantaged, because of any dependent position held in relation to the debtor during the marriage; and
6. The age and health of the former spouse.

When these factors are applied to the proceedings at bar, it appears that the obligations created by the respective divorce decrees should be discharged in bankruptcy. There were no children born of either marriage. In both proceedings clear evidence was lacking as to the parties' levels of income and earning potential at the time of divorce and at the time each proceeding was submitted to the court.

In the *Haney* proceeding there was a division of property and a division of debts under the separation agreement entered by the parties, and no mention was made of a need for support or alimony. In the *Hardeman* proceeding there was a division of property, designated as such, and an award of "alimony in gross" and a "hold harmless" provision, as recited in the Findings of Fact above. In Alabama, alimony in gross represents "a division of the fruits of the marriage," and unlike "periodic alimony" is *not* "an allowance for the future support" of the former spouse. *Oglesby v. Oglesby,* 361 So.2d 574, 576 (Ala.Civ.App.1978), *citing Hager v. Hager,* 293 Ala. 47, 299 So.2d 743 (1974). Further, the agreement in the *Hardeman* proceeding does not appear to be designed to satisfy any duty of support owed the former spouse by the debtor. In fact there was no showing that the debtor owed a duty of support to the former spouse in either proceeding.

In neither of the proceedings did the former spouse show a need for additional support due to advanced age, poor health, or other factors, nor any disadvantage suffered in the job market, or otherwise, as a result of her relation to the debtor during the marriage.

Upon the foregoing, the Court concludes that in each of the above-styled proceedings the debts arising out of the divorce of the parties are dischargeable in bankruptcy. Judgment for the debtor will be entered in each of these proceedings.