This is a petition for writ of certiorari to review a finding of contempt of court.
After the husband filed bankruptcy proceedings, the trial court found him in contempt for his willful failure to comply with an order to pay pendente lite support for his wife. After his posttrial motion was denied, the husband filed this petition for writ of certiorari, seeking to have the finding of contempt set aside. *Page 831 
The husband filed for divorce in August 1988. A report of the standing master concerning support and maintenance pendente lite was confirmed by the trial court wherein the husband was ordered to pay $2000 monthly to the wife. Prior to the trial date, the husband filed bankruptcy and notified the trial court of the bankruptcy proceeding. In December 1989, the wife filed a petition for rule nisi, seeking to have the husband held in contempt for failing to pay the pendente lite support as ordered. The husband filed a counterpetition to modify the support order.
A status hearing in February 1990 resulted in the trial court's entering an order staying the case-in-chief pending the plaintiff's discharge in his bankruptcy proceedings, setting the rule nisi hearing for a later date, and referring the husband's counter-petition to the standing master for a report to the trial court. The ore tenus proceeding on the rule nisi resulted in an order finding the husband in arrears in the amount of $8000, finding him in contempt for failure to make the alimony payments, and ordering the husband incarcerated until he purged himself from the contempt. The sentence was suspended. It is from this order that the husband complains.
At the request of the husband, the review was submitted to this court on the petition, which contains the pleadings, the reports of the standing master, and the orders of the trial court. The wife chose not to respond to the petition.
The husband questions whether the trial court had the power to enter the judgment of arrearage and contempt in view of the bankruptcy proceeding and whether the trial court erred in refusing to consider the husband's petition to modify at the same time the court heard the petition for rule nisi.
The husband contends that the bankruptcy petition resulted in an automatic stay and barred the wife from proceeding with her petition for rule nisi. We disagree. The filing of a petition in bankruptcy does not operate as a stay of the collection of alimony, maintenance or support from property that is not property of the bankruptcy estate. 11 U.S.C.A. § 362(b)(2) (West Supp. 1990). Also, court-ordered alimony, maintenance, and support of a spouse are exceptions to discharge in bankruptcy. 11 U.S.C.A. § 523(a)(5) (West Supp. 1990).
The husband further contends that since the time of the bankruptcy, he has been unemployed and without income or assets with which to pay. Citing Thomas v. Thomas,406 So.2d 939 (Ala.Civ.App. 1981), the husband contends that upon his offer of evidence of his inability to pay, the burden was then on the wife to prove beyond a reasonable doubt that he could pay, which she failed to do. Whatever proof the wife offered to the trial court is not before us for review, as there is no transcript of the testimony; therefore, we must presume that the testimony was sufficient to support the trial court's findings. Adams v. Adams, 335 So.2d 174
(Ala.Civ.App. 1976). Also, while the record reflects the husband's past earnings to have been in excess of $100,000 annually, the husband acknowledges that he has a law degree, including a master of laws degree, but that he has not practiced law for a number of years. The trial court may base its findings on the husband's ability to earn as opposed to his actual income.Lones v. Lones, 542 So.2d 1244 (Ala.Civ.App. 1989).
The husband cites no authority regarding the trial court's refusal to consider the husband's petition to modify along with the petition for rule nisi, nor does he make any argument to support this contention. Failure to do so precludes us from considering that issue. Rule 28(a), Alabama Rules of Appellate Procedure; Cummins v. Slayton, 545 So.2d 783
(Ala.Civ.App. 1989).
Under our scope of review, we cannot find that the trial court erred; therefore, the writ of certiorari must be denied.
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 832