This case involves post-divorce proceedings.
Following the former wife's November 1990 modification petition, the trial court, inter alia, ordered the former husband to pay $4,500.00 to the former wife "for the former equity amount vested in Mrs. Gould in an earlier Decree and for spousal and child support." After his post-trial motion was denied, the husband appealed.
The issue raised by the husband in this appeal is whether the trial court erred in awarding the wife a monetary judgment against the husband.
An examination of the pertinent facts in this case is necessary. The parties were divorced in 1988 and there have been several post-divorce proceedings since that time. The original divorce decree provided, inter alia, that upon the sale of the parties's marital home, the proceeds would be divided equally between the parties. This provision has been the foundation of much of the legal conflict between the parties and is the origin of this action.
In her February 1990 modification petition, the wife maintained that the marital residence had not sold and that she was not financially able to maintain it or continue living in it with the children until it was sold. She sought the auction or sale of the home by the trial court along with other monetary relief. After other pleadings by the parties and an ore tenus proceeding, the trial court ordered in May 1990, the husband to pay the wife "the sum of $4,500.00 for her equity interest in said marital residence." The husband filed for bankruptcy in August 1990, and was released from liability of debts existing at the commencement of the case by an order dated November 8, 1990.
On November 19, 1990, the wife filed a complaint seeking emergency financial relief, alleging that she was facing foreclosure proceedings on the home. The hearing from that complaint resulted in an order that, in part, states as follows: "That *Page 939 
Wanda Faye Lyons Gould is awarded a Judgement against Kenneth Wayne Gould in the amount of $4,500.00 for which execution may issue. Said Judgement is awarded for the former equity amount vested in Mrs. Gould in an earlier Decree and for spousal and child support and is determined by this Court not to be dischargeable in bankruptcy."
The husband contends that the award is in the form of a property settlement that is dischargeable in bankruptcy and that the trial court is without jurisdiction to decide the dischargeability of the equity award. It is the wife's position that the award is in the form of support for her and the children and that the award is not dischargeable.
The law is clear that court-ordered alimony, maintenance, and support of a spouse are exceptions to discharge in bankruptcy.11 U.S.C.A. § 523(a)(5) (West Supp. 1990). Ex parte Henderson,574 So.2d 830 (Ala.Civ.App. 1991). Simply put, support obligations are not dischargeable in bankruptcy. Pressnell v.Pressnell, 519 So.2d 536 (Ala.Civ.App. 1987). On the other hand, alimony in gross and property divisions are dischargeable debts. Pressnell.
In the instant case, the $4,500.00 judgment of May 14, 1990, which specifies that the award is "equity interest in said marital residence" was discharged by the order of the bankruptcy court in November. See Pressnell, supra. The order of December 1990 attempts to revive that judgment and designate it as "spousal and child support" in order to avoid its discharge by the bankruptcy action. Nonetheless, the wording of the December 1990 order explicitly refers to the $4,500.00 judgment as "the former equity amount vested in Mrs. Gould in an earlier Decree," and therefore, that judgment cannot be upheld as written.
In view of the above, this case is reversed and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.