Following oral proceedings, the parties were divorced by the Circuit Court of Baldwin County. The husband appeals, questioning the following provisions of the trial court's judgment:
 "15. The husband shall pay to the wife as alimony in gross the sum of Twenty-Four Hundred Dollars ($2,400.00), payable at the rate of One Hundred Dollars ($100.00) per month beginning March 1, 1993. This sum is awarded in lieu of any reimbursement for debts incurred during the separation.
". . . .
 "21. The husband shall pay the following debts: Amounts owed to 'Fitness Today' and any and all amounts that may be or become due from the wife on the mobile home to CitiCorp, this despite any discharge as to the husband in Bankruptcy."
The husband initially asserts that the trial court erred in ordering him to be responsible for the CitiCorp debt on the mobile home.
The record reflects that the parties, as cosigners, financed the mobile home through CitiCorp and that the mobile home was subsequently repossessed. Prior to the divorce proceedings, but while the parties were separated, the husband filed a petition for bankruptcy. He informed the wife of his actions and suggested to her that she do the same. The wife chose not to file a petition for bankruptcy. The husband was consequently discharged from the debt owed CitiCorp. At trial the wife testified that CitiCorp had been trying to collect from her the approximate $10,000 debt owed on the mobile home.
The husband insists that the trial court lacked the jurisdiction to order him to pay any CitiCorp debt of the wife when he had previously been discharged from that debt by the bankruptcy court. The wife presents no counter-argument, as she has failed to file a brief on appeal.
As a general rule, court ordered alimony, maintenance, and support are excepted from discharge in bankruptcy. In re Haney,33 B.R. 6 (Bankr.N.D.Ala. 1983). This exception evolved from the bankruptcy courts' efforts to balance the need for the debtor to support his dependents with the general purpose of the bankruptcy code, which is to provide the debtor with a fresh start. In re Haney.
When determining the dischargeability of domestic debts, Alabama courts follow the general rule established by the bankruptcy courts. Ex parte Henderson, 574 So.2d 830
(Ala.Civ.App. 1991); Pressnell v. Pressnell, 519 So.2d 536
(Ala.Civ.App. 1987).
It is undisputed that the husband's debt to CitiCorp was discharged by the bankruptcy court. The trial court, notwithstanding the discharge, ordered the husband to assume the debt owed by the wife. The trial court's order fails to evidence an attempt to place the debt within the "alimony, maintenance, and support" exception.
The debt to CitiCorp was a joint debt. Both parties were obligated by it. The husband chose to declare bankruptcy and was subsequently relieved from the obligation. The bankruptcy court provided him with a "fresh start," free of that particular obligation. The bankruptcy court could have provided similar relief to the wife. She chose not to seek the same relief on her own behalf. *Page 581 
We find that the trial court disregarded the general purpose of the bankruptcy code when it failed to consider the "fresh start" doctrine as it pertains to the husband. Perhaps we would have reached a different conclusion if it were clearly discernible from the trial court's judgment that the award was intended to be support or maintenance for the wife. Such is not the case. We find that the trial court's judgment frustrates the policy behind the bankruptcy code and is in direct conflict with that federal enactment. In such situations the federal law must prevail. Matter of Palmer, 78 B.R. 402 (Bankr.E.D.N Y 1987).
The husband next contends that the trial court's award of alimony in gross was based on an abuse of discretion.
The award of alimony in gross is a matter within the discretion of the trial court and will not be reversed on appeal unless it is so unsupported by the evidence as to be unjust and a palpable abuse of discretion. McDaniel v. McDaniel621 So.2d 1328 (Ala.Civ.App. 1993). Our review of the record discloses no such abuse.
The judgment of the trial court as it pertains to the husband's assumption of the CitiCorp debt is reversed and the cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.