On Application for Rehearing
Lee Roy Laminack ("the husband") and Jimmie Faye Laminack ("the wife") married on July 3, 1964, in South Carolina. The parties operated an auto and truck repair business in Tarrant, Alabama, known as "Roy's Garage," which was incorporated in 1980. During the early 1980's, the business owed a significant amount of taxes to both the State and the Federal Government. The parties executed a second mortgage on their residence in order to pay the tax indebtedness.
In December 1989, the parties separated. Two months later, the husband sued for a divorce. The wife answered and counterclaimed, alleging that she was the proper person to have possession of the property known as "Roy's Garage." While awaiting trial, they negotiated a settlement. The settlement agreement was filed with the court, and the court divorced the parties. In August 1992, the husband's financial situation caused him to file a petition to modify the periodic alimony to which he agreed in the provision. The husband alleged that a material change in circumstances prevented him from paying the wife the $200 per month alimony he had agreed to pay. Following a hearing, the trial court denied the husband's petition and awarded the wife's attorney, Gerard Durward, a $1,250 attorney fee. The husband soon thereafter closed "Roy's Garage" and sold all the assets.
The wife refinanced the second mortgage in November 1993. The mortgage was eight months in arrears, and the bank was about to initiate foreclosure proceedings. The wife combined the debt secured by the first mortgage, which she had agreed to pay in the divorce agreement, and the debt secured by the second mortgage, which the husband was required to pay pursuant to the divorce agreement. In December 1993, the wife filed a petition for a rule nisi, alleging the husband had failed to pay the second mortgage payments, periodic alimony, and the attorney fee. After the wife filed the petition for a rule nisi, the husband filed a Chapter 7 petition with the bankruptcy court.
Following the filing of numerous motions in both the state court and the bankruptcy court, the trial court determined that oral testimony was needed before a final determination could be made on the dischargeability of the alimony and attorney fees. After this *Page 481 
hearing, the trial court entered an order holding that the parties' intent in the settlement agreement was to make the husband's payment on the debt secured by the second mortgage in the nature of support and maintenance for the wife and, therefore, nondischargeable in bankruptcy. The court also determined that the attorney fee awarded to the wife was in the nature of support and maintenance and was also nondischargeable in bankruptcy.
The husband appeals, raising two issues for our review: (1) whether the trial court erred in holding that the payment of the debt secured by the second mortgage, which payment was listed in the settlement agreement as alimony in gross and additional support and maintenance, was nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5); and (2) whether the trial court erred in holding that the attorney fee ordered by the court on the husband's petition to modify was nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). The husband contends that the payment on the second-mortgage debt was listed as alimony in gross and was intended as a property settlement, which is dischargeable in bankruptcy. We agree.
"As a general rule, court ordered alimony, maintenance, and support are excepted from discharge in bankruptcy." Hudson v.Hudson, 634 So.2d 579, 580 (Ala.Civ.App. 1994); Ex parteHenderson, 574 So.2d 830, 831 (Ala.Civ.App. 1990). This exception evolves from the need of the debtor to support his or her dependents and yet obtain a fresh start in financial matters. Id.; In re Haney, 33 B.R. 6 (Bankr.N.D.Ala. 1983). It is well established that support obligations are not dischargeable in bankruptcy, but divisions of property not in the nature of support are dischargeable. Pressnell v.Pressnell, 519 So.2d 536, 537 (Ala.Civ.App. 1987). "[A]limony in gross and property divisions are dischargeable debts." Gouldv. Gould, 586 So.2d 938, 939 (Ala.Civ.App. 1991).
The dispositive issue is whether the payment of the second-mortgage debt is more in the nature of a support obligation or more in the nature of a division of property. The trial court determined that that payment was intended as support and maintenance and as such, was nondischargeable in bankruptcy. "The judgment of the trial court based on ore tenus
evidence in a nonjury case is presumed to be correct; however, that presumption has no application when the trial court is shown to have improperly applied the law to the facts." Exparte Board of Zoning Adjustment of City of Mobile,636 So.2d 415, 417 (Ala. 1994).
In a landmark case, our supreme court distinguished between alimony in gross and periodic alimony. See Hager v. Hager,293 Ala. 47, 299 So.2d 743 (1974). See also Ex parte Reuter,623 So.2d 737, 738 (Ala. 1993). The court held in Hager that, unlike periodic alimony, alimony in gross is nonmodifiable and is in the nature of "a property settlement award, compensating the wife only for the loss of her rights in her husband's estate."293 Ala. at 55, 299 So.2d at 751. Accordingly, "alimony in gross is more in the nature of a division of property than a support obligation." Pressnell, 519 So.2d at 537. "As such, it is dischargeable in bankruptcy." Id.; In re Pody, 42 B.R. 570,573 (Bankr.N.D.Ala. 1984) (divisions of property, not in the nature of support, are dischargeable).
The divorce agreement provided in pertinent part:
"PERIODIC ALIMONY
 "5. The Husband shall pay to the Wife the sum of TWO HUNDRED DOLLARS ($200) per month as periodic alimony until the Wife shall die, remarry or assume cohabitation with a person of the opposite sex as same as outlined in the Alabama Code.
"ALIMONY IN GROSS
 "6. Payment of the second mortgage in the amount of $25,000 due on the real property located at 1045 Overton Avenue, Tarrant, Alabama is construed to be alimony in gross and additional support and maintenance to the Wife. This shall be non dischargeable in Bankruptcy[1] and is non-modifiable." *Page 482 
Provision 6 begs the question whether the second mortgage is alimony in gross. The provision has the indicia of alimony in gross: "it was unequivocally designated as such; it mandated the payment of a sum certain at a definite time"; and it is nonmodifiable. Pressnell, 519 So.2d at 537; Hager,293 Ala. at 55, 299 So.2d at 751. "Alimony in gross is intended to compensate a wife for the inchoate marital rights and right to future support which she loses by virtue of the divorce, as well as substitute for a property settlement where liquidation of the marital property is not practical." Andrews v. Andrews,454 So.2d 1026, 1028 (Ala.Civ.App. 1984).
Provisions 5 and 6, taken together, indicate that the payment of the debt secured by the second mortgage was intended as part of a property settlement. Provision 5 clearly shows the parties' understanding and knowledge of periodic alimony. Provision 6 clearly states that the payment of the second-mortgage debt was to be considered as alimony in gross. Additionally, alimony in gross "is often coupled with an award of periodic alimony." Hager, 293 Ala. at 54, 299 So.2d at 749. The alimony in gross is intended as a settlement of property rights, whereas periodic alimony is an allowance for the future support of a spouse payable from the current earnings of the other spouse. Hager, 293 Ala. at 55, 299 So.2d at 751.
Moreover, provision 7 of the divorce agreement, when considered in conjunction with the above-referenced settlement provisions, sheds light on the husband's understanding of the agreement and also indicates that the payment of the second-mortgage debt was intended as part of a property settlement. Provision 7 states that the husband shall have full possession and ownership of his business known as "Roy's Garage" and that the wife shall convey all her title, interest, and claim in the business to the husband. From the written agreement, we conclude that the husband's promise to pay the debt secured by the second mortgage on the house was intended as part of a property settlement. Accordingly, we conclude that the debt is dischargeable in bankruptcy. See e.g. In re Pody,42 B.R. at 573.
The trial court determined that the obligation to pay the debt was in the nature of support and maintenance; however, the obligation does not fit this category either. In Hager, supra, the court noted the characteristics of support and maintenance:
 "A decree providing for monthly payments . . ., to run indefinitely, implies an allowance for support and maintenance to be met by the husband from his income or earnings, if need be. Such a decree is subject to modification on proper application and showing that performance is no longer possible or highly inequitable."
Hager, 293 Ala. at 53, 299 So.2d at 749 (quoting Epps v. Epps,218 Ala. 667, 668-69, 120 So. 150, 151-52 (1929)). This obligation does not fit this category, because there is a set period for payment of the debt, the provision specifically states that the debt is not subject to modification, and the amount to be paid is certain. Therefore, the trial court erred in determining that the payment of the debt secured by the second mortgage was more in the nature of support and maintenance and, thus, nondischargeable in bankruptcy.
The husband also contends that the trial court erred in determining that the award of an attorney fee to the wife was nondischargeable in bankruptcy. The trial court awarded the wife $1,250 as an attorney fee in the original divorce judgment. Following the husband's petition to modify, the trial court ordered that the original divorce judgment was to remain unchanged and the husband was ordered to pay the wife's attorney fee. Several years later, the wife filed a petition for rule nisi, alleging that the husband had failed to comply with the terms and conditions of the final judgment of divorce. The wife specifically argued that the husband had failed to pay the second mortgage payments, the alimony payments, and the wife's attorney fee. Following various motions, briefs, and a hearing, the trial court determined that the attorney fee at issue was in the *Page 483 
nature of support and maintenance and therefore, was nondischargeable.
The bankruptcy courts have held that the dischargeability of an attorney fee award is dependent upon where in the divorce judgment the award is made. See generally In re Azia, 159 B.R. 71,75 (Bankr.D.Mass. 1993). An award of an attorney fee for representation after the marriage has been dissolved may be in the nature of nondischargeable spousal support if the award is sufficiently and directly related to a primary support obligation. In re Schiltz, 97 B.R. 671, 674
(Bankr.N.D.Ga. 1986). Legal fees that arise from the payment of alimony, support, or maintenance, and fall within11 U.S.C. § 523(a)(5) are nondischargeable. See In re Spong, 661 F.2d 6
(2nd Cir. 1981).
We are unable to discern from the record if the $1,250 attorney fee was awarded in conjunction with the trial court's order regarding the second mortgage payments or if it was awarded in conjunction with the provision regarding alimony and support. If the attorney fee at issue is in the nature of support, then it is not dischargeable in bankruptcy; alternatively, if the attorney fee arose from the attorney's work related to the second mortgage, then the fee is dischargeable because we have determined that the second mortgage was more in the nature of a property settlement. Therefore, we remand the question of the apportionment of the attorney fee to the trial court. It is within the province of the trial court, not this court, to determine the apportionment of the attorney fees between the property provisions and the support provisions of the judgment.
Accordingly, the trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
The appellee's request for an attorney fee is denied.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., dissents.
[1] The statement that the alimony in gross is nondischargeable in bankruptcy has no bearing on our decision that the second mortgage is more in the nature of a property settlement and thus is dischargeable in bankruptcy. Parties cannot determine the dischargeability or nondischargeability of an obligation. This is a legal question that a court must resolve.