YATES, Judge.
The court divorced the parties in November 1995, awarding custody of the parties’ two minor children to the wife; awarding the wife the marital residence; and ordering the husband to pay $816 per month in child support and $200 per month as periodic alimony for a two-year period, and to pay, among other things, the indebtedness on the wife’s automobile and the debts of the marriage.
In February 1996, the husband moved for a rule nisi, asking the court to hold the wife in contempt for her “interference with his visitation rights.” Further, the husband sought to modify the divorce judgment, arguing that there had been a material change in circumstances, in that he had experienced a drastic reduction in his income, while the wife was now working and had the ability to make her own automobile payments. The wife answered and moved for a rule nisi, claiming that the husband had failed to make certain court-ordered payments pursuant to the divorce judgment. Following an ore tenus proceeding, the court found both parties in *1278 contempt, awarded the wife a $540.98 judgment against the husband, representing a child-support arrearage, and denied the husband’s motion to modify the judgment.
In June 1998, the wife moved for post-secondary educational expenses for the parties’ then 16-year-old daughter, who had graduated from high school and had been accepted into the University of Mobile with a partial scholarship. The wife asked the court to order the husband to pay one-half of the daughter’s college expenses and to provide a motor vehicle for the daughter. The father countered with a motion to terminate his obligation to make the wife’s automobile payments, “which [he says] were awarded to her in the way of alimony,” and to reduce his child-support obligation, arguing that his income had decreased, while, he said, the wife was now gainfully employed and, therefore, was able to make her own car payments. After hearing oral testimony, the court, on September 24, 1998, denied the wife’s request for post-secondary educational expenses, because “the minor child has not yet reached the age of majority”; reduced the husband’s child-support obligation to $797 per month; and granted the husband’s “motion to terminate alimony,” i.e., the automobile payments. The wife moved to alter, amend, or vacate the judgment, arguing: that the court erred in categorizing the automobile payments as alimony, because, she said, this obligation constituted a property settlement and, therefore, was nonmodifiable; and that the daughter was entitled to post-secondary educational expenses regardless of her age. Following a denial of her motion, the wife appealed.
At the outset, we note that the ore tenus rule provides the trial court a presumption of correctness and that under that rule its judgment will not be reversed absent a finding of an abuse of discretion. Stephens v. Stephens, 647 So.2d 800 (Ala.Civ.App.1994). However, this court has also held that “‘that presumption has no application when the trial court is shown to have improperly applied the law to the facts.’ ” Laminack v. Laminack, 675 So.2d 479, 481 (Ala.Civ.App.1996), quoting Ex parte Board of Zoning Adjustment of City of Mobile, 636 So.2d 415, 417 (Ala.1994). Laminack distinguishes between periodic alimony and alimony in gross (property settlement) as follows:
“In a landmark case, our Supreme Court distinguished between alimony in gross and periodic alimony. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). See also Ex parte Reuter, 623 So.2d 737, 738 (Ala.1993). The court held in Hager that, unlike periodic alimony, alimony in gross is nonmodifiable and is in the nature of ‘a property settlement award, compensating the wife only for the loss of her rights in her husband’s estate.’ 293 Ala. at 55, 299 So.2d at 751.”
Laminack, 675 So.2d at 481. Further, alimony in gross has two elements: (1) that the time and amount of the payment must be certain and (2) that the payment must be nonmodifiable, or a vested right. Hager, supra.
After reviewing the record, we determine that the trial court erred in granting the husband’s motion to “terminate alimony.” Based on the wording in the judgment of divorce, we conclude that the provision regarding payment of the wife’s automobile indebtedness was in the form of a property settlement or alimony in gross and, therefore, was nonmodifiable. We reverse that portion of the judgment terminating the husband’s obligation' to make the payments for the wife’s automobile. On remand, the trial court is to reinstate that obligation.
We affirm that portion of the judgment modifying the husband’s child-support obligation, based on the application of the Child Support Guidelines, Rule 32, Ala. R. Jud. Admin.
As to the wife’s request for post-secondary educational expenses for the mi-
*1279 nor child, we note that the record on appeal does not contain a transcript of the hearing. Therefore, we cannot review the evidence regarding the relevant factors set forth in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), to determine whether an award of post-secondary educational support is warranted. However, we note that the court denied the request because “the minor has not yet reached the age of majority.” Ex parte Bayliss requires that an application for such support be made before the child reaches the age of majority. In Britt v. Britt, 684 So.2d 1325 (Ala.Civ.App.1996), this court stated:
“A trial court may award post-minority education support to a child of a dissolved marriage when application is made therefor before the child attains the age of 19. Ex parte Bayliss, 550 So.2d 986 (Ala.1989)....
“When a parent files a petition for post-minority education support, a court should: (1) grant the petition or (2) deny the petition and reserve jurisdiction.”
Id. at 1326. Accordingly, insofar as it denies post-secondary educational expenses, the judgment is reversed. On remand, the trial court is to reserve the issue for future consideration.
The wife’s request for an attorney fee on appeal is granted in the amount of $2,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.