James Earl Smith (the "husband") and Betty Jane Smith (the "wife") were divorced in June 1994. As part of the divorce judgment, the wife was made responsible for certain debts of the marriage. However, the husband was ordered to pay the wife the monthly amount of these debts, $907, in time for her to make the necessary payments. The trial court characterized these payments by the husband, which would continue for 48 months, as alimony in gross. In addition, the wife was awarded $500 per month in periodic alimony. Shortly after the divorce judgment was entered, the husband filed a bankruptcy petition. The alimony in gross owed to the wife was discharged in that proceeding.
In January 1995, while the bankruptcy petition was pending, the wife filed a petition to modify the divorce judgment. She testified at the hearing on her petition that a substantial amount of the inheritance she was awarded in the divorce judgment had been used to make the mortgage payments because the husband had not provided the necessary funds to make those payments as required by the divorce judgment. In March 1995, the trial court found that the husband's bankruptcy was a material change in circumstances and awarded the wife $900 per month in alimony, an increase of $400 per month. The husband did not appeal from that judgment.
In November 1996, the husband petitioned for a reduction in the alimony award to the wife. In that petition, he argued that the wife's financial condition had improved because the debts that she had incurred sole responsibility for pursuant to the divorce judgment had been paid in full and that he was unable to make the $900 monthly alimony payment. The trial court denied the husband's petition.
The husband then filed a motion to vacate under Rule 60(b)(4), Ala.R.Civ.P., arguing that the March 1995 order increasing his periodic alimony obligation was void because, he claimed, it violated the Supremacy Clause of the United States Constitution. The trial court denied the husband's motion. He appeals from that denial.
 "The standard of review of a ruling on a Rule 60(b)(4) motion is not whether there has been an abuse of . `When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside.'"
Anderson v. Anderson, 686 So.2d 320, 322 (Ala.Civ.App. 1996). *Page 422 
The husband argues that the modification of periodic alimony violates the Supremacy Clause because, he claims, it is an attempt to avoid the effects of the bankruptcy discharge. Thus, he argues that the 1995 modification of periodic alimony is void as violating federal law. Indeed, "[m]ere attempts to `end run' around a bankruptcy discharge are not allowed." In re Marriage of Trickey, 589 N.W.2d 753,757 (Iowa Ct. App. 1998). However, not every modification of periodic alimony is considered a violation of the Bankruptcy Code. SeeIn re Siragusa, 27 F.3d 406 (9th Cir. 1994);but see In re Brabham, 184 B.R. 476 (Bankr. D.S.C. 1995) (holding that husband's action to modify property settlement after wife's discharge violated the Bankruptcy Code).
In Trickey, the Iowa Court of Appeals examined the issue whether a modification of alimony after a discharge of a property settlement in bankruptcy violated federal law. Trickey, 589 N.W.2d at 757. The court reviewed several federal cases on the issue and determined that the first step in answering the question is to determine the purpose of the modification. Id. Although a modification that "is essentially a reinstatement of the property settlement under the guise of alimony" is not permissible, id. (citing Siragusa, 27 F.3d at 408), other modifications are. Id. According to theTrickey court, the main question to be considered when determining whether a modification of alimony is permissible under the Bankruptcy Code is whether "the alimony modification merely takes into account the fact that one spouse would no longer receive the property settlement payments upon which the original support award was premised and the discharge results in changed financial circumstances." Id.
(citing Brabham, 184 B.R. at 487; In re Danley,14 B.R. 493, 495 (Bankr. D.N.M. 1981)).
After examining the trial court's 1995 modification judgment, we have concluded that the purpose of the modification was not simply to reinstate the alimony-in-gross obligation under the guise of periodic alimony. Although certain comments in the trial court's orders could indicate an attempt on the court's part to exact payment from the husband, the evidence indicates that the wife's financial circumstances did indeed change to such an extent that a reconsideration of periodic alimony was warranted. This court has held that a spouse's bankruptcy that resulted in a change in the other spouse's financial condition was a change in circumstances sufficient to warrant an increase in periodic alimony.Thornburg v. Thornburg, 628 So.2d 885, 887
(Ala.Civ.App. 1993); see also Holliday v. Holliday, 590 So.2d 335, 337
(Ala.Civ.App. 1991) (holding that a bankruptcy is a change of circumstances supporting modification of child support).
At the 1995 hearing, the wife presented evidence indicating that her financial circumstances had changed as a result of the husband's bankruptcy. She testified that she had incurred additional debt to pay attorney fees for the divorce, to pay attorney fees to defend against the bankruptcy trustee's motion to set aside the deed conveying her the house as required by the divorce judgment, and to pay other bills. The wife testified that her net pay was approximately $373 biweekly and that she owed approximately $655 in monthly payments on the mortgage, another loan, and her automobile loan. The wife testified that she had resorted to using her inheritance to pay off the marital debt that the husband's alimony in gross was designed to offset. As a result, she said, she had $1,800 left in her $13,500 inheritance account.
Based on the evidence presented at the 1995 modification hearing, the trial concluded that the wife's financial standing had changed sufficiently to warrant an increase in periodic alimony. We cannot disagree with the conclusion that the evidence supported an increase in periodic alimony. Accordingly, we hold that the increase in periodic alimony was permissible *Page 423 
under federal law. Therefore, the judgment of the trial court denying the husband's Rule 60(b)(4) motion is affirmed, because the 1995 modification judgment is not void.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED.
Thompson, J., concurs.
Robertson, P.J., and Yates and Monroe, JJ., concur in the result.