YATES, Judge.
This case involves postdivorce proceedings.
In April 1995, FranMin Dee Sutherland sued Sharon Ann Sutherland for a divorce, alleging incompatibility and an irretrievable breakdown of the marriage; there were no children born of the marriage. The court divorced the parties on April 18, 1995. An agreement of the parties incorporated into the divorce judgment stated, in part:
“ALIMONY:
“[The wife] will pay to [the husband] the sum of $200 per week to compensate him for his interest in D & S Manufacturing located at Highway 5 North, Ha-leyville. Payment shall continue for a period of nine years commencing April 7, 1995. In the event the business is offered for sale, during this period, the parties hereto will agree on a price and upon selling the business shall divide any proceeds derived equally.
“In addition, [the wife] shall, pay for nine years’ utilities of [the husband] including, but not limited to, water, power, cable, phone, etc. [The wife] will also pay insurance on [the husband’s] [Chevrolet] pickup [until] paid for and homeowner’s insurance until the mobile home is paid in full. Also, real estate taxes payable on [the husband’s] homeplace described herein shall be paid by [the wife] until the mobile home is paid in full.
[[Image here]]
“This Agreement is intended as a full and complete settlement of all property rights between the husband and wife and from this time forward neither party shall have any interest of any kind or nature in or to any real, personal, or mixed property of the other party to this Agreement.”
*702 In October 1996, the husband moved to enforce the divorce judgment, alleging that the wife had failed to pay him $200 per week and was $3,260 in arrears. The wife answered, advising the court that she had filed a Chapter 7 bankruptcy petition and that the husband’s “action should be stayed as a consequence of the automatic stay in the bankruptcy case.”
Following an ore tenus proceeding, the court entered an order on February 29, 2000, stating, in part:
“a) That the final decree of divorce previously entered in this case on April 18, 1995, included an Agreement which provided, inter alia, that as alimony, [the wife] would pay to [the husband] the sum of $200.00 per week for a period of nine (9) years, commencing April 7, 1995. This payment was stated in the said agreement to be alimony and it appears to have been intended as such for the support and maintenance of [the husband]. This becomes even more clear when the subsequent paragraphs of the Agreement called for [the wife] to also pay utility bills and taxes and insurance on the [husband’s] homeplace for the same period. Since it appears to be a form1 of support, and is labeled as alimony, the Court holds that the aforesaid payments were intended as a form of alimony and are therefore not dis-chargeable in bankruptcy.”
The wife appeals.
This court has previously addressed the issue of alimony in bankruptcy proceedings. In Laminack v. Laminack, 675 So.2d 479, 481 (Ala.Civ.App.1996), we stated:
“ ‘As a general rule, court ordered alimony, maintenance, and support are excepted from discharge in bankruptcy.’ Hudson v. Hudson, 634 So.2d 579, 580 (Ala.Civ.App.1994); Ex parte Henderson, 574 So.2d 830, 831 (Ala.Civ.App.1990). This exception evolves from the need of the debtor to support his or her dependents and yet obtain a fresh start in financial matters. Id.; In re Haney, 33 B.R. 6 (Bankr.N.D.Ala.1983). It is well established that support obligations are not dischargeable in bankruptcy, but divisions of property not in the nature of support are dischargeable. Pressnell v. Pressnell, 519 So.2d 536, 537 (Ala.Civ.App.1987) ‘[A]limony in gross and property divisions are dischargeable debts.’ Gould v. Gould, 586 So.2d 938, 939 (Ala.Civ.App.1991).
[[Image here]]
“In a landmark case, our supreme court distinguished between alimony in gross and periodic alimony. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). See also Ex parte Reuter, 623 So.2d 737, 738 (Ala.1993). The court held in Hager that, unlike periodic alimony, alimony in gross is nonmodifiable and is in the nature of ‘a property settlement award, compensating the wife only for the loss of her rights in her husband’s estate.’ 293 Ala. at 55, 299 So.2d at 751. Accordingly, ‘alimony in gross is more in the nature of a division of property than a support obligation.’ Pressnell, 519 So.2d at 537. ‘As such, it is dischargeable in bankruptcy.’ Id.; In re Pody, 42 B.R. 570, 573 (Bankr.N.D.Ala.1984) (divisions of property, not in the nature of support, are dischargeable).”
The dispositive issue is whether the trial court erred in determining that the $200 per week payment is to be construed as periodic alimony and, therefore, is nondischargeable. In Anderson v. Anderson, 686 So.2d 320, 324 (Ala.Civ.App.1996), this court stated, regarding “labelling” of court-ordered payments:
“[L]abels provided in a judgment are not controlling on the question of the true nature of the obligation. Matter of Hughes, 16 B.R. 90 (Bankr.N.D.Ala.1981). In order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. 11 *703 U.S.C.A. § 727(b); Segers v. Segers, 655 So.2d 1014 (Ala.Civ.App.1995).”
The divorce judgment in the present case provided that the wife would pay to the husband $200 per week for nine years “to compensate him for his interest in D & S Manufacturing.” The amount and time of the payment was certain, and the right to payment was vested and not subject to modification. We conclude that this payment constituted a property settlement. We note the trial court’s emphasis' on the second paragraph regarding payments for utilities, insurance, and taxes as a form of maintenance and support; however, a subsequent paragraph within that provision stipulates that the agreement is “intended as a full and complete settlement of all property rights.” We conclude that the trial court erred in determining that the debt was periodic alimony and was, therefore, nondischargeable. See Laminack, supra. Accordingly, we reverse the judgment and remand the case for the court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ„ concur.