PITTMAN, Judge.
James Michael Logan (“the former husband”) appeals from a judgment of the Baldwin Circuit Court modifying a judgment of divorce. In a judgment entered on July 22, 1998, divorcing the former husband from Ruth Rogers (“the former wife”), the former wife was awarded “the Monroe Canvas business and all equipment and property associated therewith” (“the business”). At the time of the divorce, the former husband was unemployed and was receiving over $90,000 annually in disability payments.
In March 2001, the former wife filed a petition to modify the divorce judgment, asserting that there had been a material change in circumstances and that the former husband should be held in contempt of court. The former wife’s petition alleged that the former husband had failed to comply with that portion of the divorce judgment instructing him to return to her all the assets of the business. Moreover, she contended, the former husband had improperly used proprietary information of the business to unfairly compete with the business and had failed to pay his share of a joint debt. The former wife alleged that in 1991 the parties borrowed funds to purchase the business for $112,000 and that, at the time of the divorce, the outstanding balance on that joint debt had been $54,420.78.[1] The former husband filed a response in May 2001, in which he disputed that there had been a material change in circumstances and contended that the divorce judgment did not require him to make any payments on any jointly held debts. The former husband also filed a counterclaim requesting that the trial court require the former wife to be solely responsible for the joint debt.
The trial court conducted a hearing on February 26, 2002, receiving testimony and other evidence from the parties. During that hearing, the former wife testified that the business’s gross sales had dropped from approximately $180,000 to less than $17,000 annually. She also testified that because the business’s income had dropped so dramatically, she had been unable to make the annual $12,000 payment on the business loan. The former wife testified that as a result of her failure to make the last annual payment, the previous owners of the business had brought an action to collect the rest of the purchase price of the business and had received a judgment against both the former husband and the former wife in the amount of $54,420.78, plus interest. The former husband testified that his competing company had not depleted the income of the business and that, under the terms of the original divorce judgment, he was not liable to pay anything toward the joint debt.
After the parties had testified, the judge questioned the parties’ attorneys regarding previous proceedings between the parties. First, the trial court was informed that an earlier modification judgment entered in January 2000 had dealt only with child-support arrearages, medical payments for the children, and the allocation of certain disputed items of personal property. Apparently, during that earlier modification hearing, the former husband had been instructed to bring an action in the “civil division” of the Baldwin Circuit Court to resolve the outstanding issues concerning the business. Once the parties’ competing claims concerning the business had been filed in the civil division of the Baldwin Circuit Court, that court entered a judgment in May 2001 denying all claims and stating that because “the court feels *1173 that the proper forum for relief is domestic court, this court will adopt any remedy issued by the domestic court.”
Based on the information provided regarding the previous proceedings, the trial court concluded that it should review the issues concerning the business in light of the former wife’s petition to modify the divorce judgment and the former husband’s counterclaim requesting that the trial court make the former wife solely responsible for the $54,420.78 joint debt and hold him harmless on that debt. The trial court entered a judgment regarding those issues on December 11, 2002. In its judgment, the trial court determined that a material change in circumstances had occurred since the parties’ divorce. The trial court concluded that that material change had been caused by (1) the former husband’s failure to turn over all the assets of the business to the former wife as ordered in the divorce judgment; (2) the former husband’s improper use of the customer list, art work, and suppliers of the business to start a competing business; and (3) the former husband’s failure to pay a joint debt of the marriage. Moreover, the trial court concluded that the former husband’s interference with the business had caused the gross sales of the business to drop from $130,000 per year to approximately $15,000 per year; that the former wife’s anticipated monthly income of $1,300 from the business had become negligible; and that the former husband’s failure to pay a joint debt had caused a judgment to be entered against both parties in the amount of $60,755.96 ($54,420.78, plus interest).
Based on those determinations, the trial court held the former husband in contempt of court for having failed to follow the instructions contained in the divorce judgment. The trial court ordered the former husband to pay $45,895.57 and any subsequent interest or fees assessed under the judgment on the joint debt. Moreover, the trial court stated that “[a]ll amounts due are in the nature of additional spousal support and maintenance. Unless the [former wife] agrees, the [former husband] cannot bankrupt this debt.” The trial court also ordered the former husband to pay an additional $500 per month in periodic alimony, bringing the former husband’s total monthly periodic-alimony obligation to $2,850. Again, the trial court characterized the new periodic-alimony award as “additional spousal support and maintenance” and instructed the former husband that he could, not seek bankruptcy protection as to that obligation without the consent of the former wife. The trial court also ordered the former husband to pay court costs and $750 toward the former wife’s attorney fees.
The former husband filed a post-judgment motion on January 7, 2003; he filed an “amended motion” on February 18, 2003. The former wife filed a response on February 24, 2003. Following a hearing on the former husband’s postjudgment motion, as amended, the trial court denied the motion on February 25, 2003. The former husband appealed, alleging that the trial court had abused its discretion in (1) making its findings of facts, (2) addressing issues that were previously litigated, and (3) purporting to limit the former husband’s access to bankruptcy court.[2]
When a trial court bases its decision on ore tenus evidence, its judgment is presumed correct and will not be reversed on *1174 appeal, absent a finding of a plain and palpable abuse of discretion. See Sealy v. D’Amico, 789 So.2d 863 (Ala.Civ.App. 2000); Kennedy v. Kennedy, 743 So.2d 487 (Ala.Civ.App.1999). “The division of marital property and the assessment of responsibility for marital debts are within the sound discretion of the trial court.” Silvey v. Silvey, 634 So.2d 138, 140 (Ala.Civ.App.1993). The determination whether a party is in contempt of court rests entirely within the sound discretion of the trial court, and, “ ‘absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.’ ” Gordon v. Gordon, 804 So.2d 241, 243 (Ala.Civ.App.2001) (quoting Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994)). However, when a question is purely an issue of law, the ore tenus rule does not apply and appellate review is de novo. Keevan v. Keevan, 796 So.2d 379, 381 (Ala.Civ.App.2001).
In this case, the trial court’s findings of fact are amply supported by the former wife’s testimony and the transcribed testimony of the January 2000 modification hearing. Apparently, the trial judge determined that the former husband’s testimony in this action that he had not interfered with the former wife’s business differed substantially from his earlier testimony in the January 2000 modification hearing. As the fact-finder, the trial court could properly rely on the former wife’s evidence indicating that the business had lost most of its value because of the former husband’s appropriation of the business’s art work, client list, and inventory suppliers. This court has often stated that the ore tenus presumption of correctness is based on the trial court’s unique position to observe the witnesses and to evaluate their demeanor and credibility. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ. App.2001). Furthermore, this court is not allowed to reweigh the evidence or to substitute its judgment for that of the trial court. See Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996). We conclude that, because substantial evidence supports the trial court’s findings of fact, the former husband’s first issue does not present reversible error.
The former husband next argues that the issues of his alleged interference with the former wife’s business and his failure to pay the marital debt had already been adjudicated in previous court proceedings. The former husband correctly lists the elements of the doctrine of res judicata and the requirements of collateral estoppel. The flaw in the former husband’s argument is that the record clearly indicates that no previous binding adjudication as to those issues ever occurred in the earlier proceedings. Although the former husband argues that the modification hearing in January 2000 involved those two issues, the record only contains a January 2000 judgment addressing child-support arrearages, responsibility for medical payments for the children, and the allocation of certain disputed items of personal property. In the transcript of that January 2000 modification hearing, the trial judge suggested that the former husband should institute an action in the civil division of the Baldwin Circuit Court to resolve the parties’ contentions regarding the business. After the parties’ claims were asserted in the civil division of the Baldwin Circuit Court, the presiding trial judge denied those claims in May 2001, stating that, because “the court feels that the proper forum for relief is domestic court, this court will adopt any remedy issued by the domestic court.” Regardless of the former husband’s arguments, nothing in the record supports his contention that the issues made the subject of this appeal *1175 were ever conclusively resolved before being addressed in the December 2002 judgment so as to give rise to a bar of litigation of the parties’ claims regarding the business in this case.
During the February 2002 modification hearing, the trial court noted that in the divorce judgment, the previous trial judge had not addressed the disposition of the joint marital debt obtained in order that the parties could purchase the business. When a divorce judgment does not state which party will be responsible for debts associated with the marriage, “if the parties were jointly liable for debts during the marriage they would still be jointly liable for them after the divorce.” Miller v. Miller, 391 So.2d 119, 120 (Ala.Civ.App.1980); see also Hammock v. Hammock, 867 So.2d 355 (Ala.Civ.App.2003) (Pittman, J., concurring specially).
In Hammock, this court reviewed a situation where the former husband sought a judgment finding the former wife in contempt for failure to make mortgage payments on a mobile home awarded to her in the divorce judgment. We concluded that the trial court could not hold the wife in contempt for failure to pay a joint debt not allocated in the divorce judgment and that the trial court erred in attempting to modify the property division three years after the entry of the divorce judgment. In this case, because the parties’ divorce judgment was silent on the issue of the parties’ future responsibilities with respect to the joint debt that was incurred by purchasing the business and although the wife took possession of the business subject to that debt, the parties’ personal obligations after the divorce with respect to that debt remained the same as they had been before the divorce.
Just as in Hammock, the parties in this case are jointly and severally liable to the former owners of the business for the debt incurred to purchase the business. Moreover, “ ‘[a] court cannot modify property provisions [in divorce judgments], except to correct clerical errors, after 30 days from the final judgment.’ ” Keevan v. Keevan, 796 So.2d at 381 (quoting Hamilton v. Hamilton, 647 So.2d 756, 759 (Ala.Civ.App.1994)). In this case, the trial court lost jurisdiction to modify its property division 30 days after issuing the divorce judgment in July 1998; therefore, it could not amend the property provisions of that judgment in 2002 to allocate payment of the marital debt between the parties. We reverse that portion of the judgment purporting to divide the obligation for the marital debt between the parties.
The fact that the trial court lost jurisdiction to allocate responsibility for the payment of the marital debt 30 days after the divorce judgment was rendered does not mean, however, that the former wife has no remedy. As the special concurrence in Hammock notes:
“ ‘Joint makers of notes, bills, bonds, or contracts for the payment of money are bound severally and jointly to the payee, transferee, or holder, jointly and severally, for the full amount due; but as between themselves, each is principal to the extent of his share of the joint and several debt and surety to the extent of the shares of the other makers.’
“(Emphasis added [in Hammock ].) That statute enables a comaker of a note who has paid more than his or her share of the debt evidenced by the note to bring a contribution action against a comaker who has not paid his or her share.”
Hammock, 867 So.2d at 360-61 (Pittman, J., concurring specially) (quoting § 8-3-1, Ala.Code 1975). To the extent that the former husband may have failed or refused *1176 to pay his share of the joint debt, and to the extent that the former wife may pay or have paid more than her share of that debt, the former wife may yet be entitled to relief under § 8-3-1, Ala.Code 1975.
The former husband also argues that the trial court’s judgment improperly limited his right of access to bankruptcy protection. Because we must reverse the trial court’s judgment attempting to allocate a marital debt several years after the entry of a final judgment of divorce and remand the cause for further proceedings, we will briefly address the former husband’s final argument. In its modification of the divorce judgment, the trial court characterized the division of responsibility for payment of the marital debt and the increase in periodic alimony as being “in the nature of additional spousal support and maintenance.” The trial court then stated “[ujnless the [former wife] agrees, the [former husband] cannot bankrupt this debt.”
“ ‘As a general rule, court ordered alimony, maintenance, and support are excepted from discharge in bankruptcy.’ Hudson v. Hudson, 634 So.2d 579, 580 (Ala.Civ.App.1994); Ex parte Henderson, 574 So.2d 830, 831 (Ala.Civ.App.1990). This exception evolves from the need of the debtor to support his or her dependents and yet obtain a fresh start in financial matters. Id.; In re Haney, 33 B.R. 6 (Bankr.N.D.Ala.1983). It is well established that support obligations are not dischargeable in bankruptcy, but divisions of property not in the nature of support are dischargeable. Pressnell v. Pressnell, 519 So.2d 536, 537 (Ala.Civ.App.1987).”
Laminack v. Laminack, 675 So.2d 479, 481 (Ala.Civ.App.1996); see also Smith v. Smith, 741 So.2d 420 (Ala.Civ.App.1999). The fact that periodic-alimony payments are not, under federal law, dischargeable in bankruptcy makes the trial court’s language calling the payment of a portion of the marital debt “spousal support” suspect. As we stated in Anderson v. Anderson, 686 So.2d 320, 324 (Ala.Civ.App.1996), “labels provided in a judgment are not controlling on the question of the true nature of the obligation.” 686 So.2d at 324 (citing In re Hughes, 16 B.R. 90 (Bankr.N.D.Ala.1981)). The trial court appears to have referred to the former husband’s obligations as to the marital debt as being payments “in the nature of additional spousal support and maintenance” so as to prevent the former husband from seeking a discharge in bankruptcy as to that debt. While we regard that language as ineffective surplusage rather than prejudicial error, the trial court cannot, in any event, properly re-characterize the husband’s obligation in an effort to circumvent federal bankruptcy law. Because we are reversing the allocation of the marital debt and remanding for further proceedings, the trial court should delete all references to the former husband’s ability to seek bankruptcy relief from its judgment on remand.
The trial court’s judgment is reversed insofar as it allocated responsibility for payment of the business-related marital debt; in all other respects, the judgment is affirmed. The cause is remanded for the trial court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur in the result, without writing.

. Both parties testified that the purchase agreement required the buyers to make an annual $12,000 payment to the sellers until the balance owed was paid.

. Although the former husband appeals from the entire judgment, the trial court's finding of contempt relates only to the former husband’s failure to return all of the business assets to the former wife; that finding is not implicated by the issues concerning payment of the marital debt and access to bankruptcy.